## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 17 - 40166

**JOSE MOURA, SR., PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JOSE MOURA, JR., LORI TURNER, AS
PARENT AND NEXT FRIEND OF MINOR
PLAINTIFFS A.M., C. M., AND J. M., LORI
TURNER, INDIVIDUALLY**

    **PLAINTIFFS,**

**V.**

**NEW PRIME, INC.; JOHN DOE, PERSONAL
REPRESENTATIVE OF THE ESTATE OF JOHN
PAUL CANNON,**

    **DEFENDANTS.**

## COMPLAINT

(1)    Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr. is a resident of the Commonwealth of Massachusetts, residing at 63 Venus Drive, Worcester, Worcester County.

(2)    New Prime, Inc. is an international trucking company providing refrigerated, flatbed, tanker and intermodal carrier service throughout North America. New Prime, Inc. is headquartered at 2740 N. Mayfair, Springfield, Green County, Missouri.

(3)    New Prime, Inc. has a registered agent in the Commonwealth of Massachusetts, Incorp Services, Inc., located at 44 School Street, Suite 325, Boston, Suffolk County.

(4)    John Paul Cannon was an individual who resided at 174 N. Buhl Farm Dr., Hermitage, Mercer County, Pennsylvania at the time of his death, December 14, 2016. John Doe is

the unknown name of the administrator of his estate, established on behalf of the decedent defendant's estate, or expected to be established in order to adjudicate this matter.

(5)     A. M. is a minor individual and daughter of Plaintiff Decedent Jose Moura, Jr. residing at 83 Grove Street, Worcester County, Shrewsbury, Massachusetts at all relevant times to this complaint. Lori Turner is her Parent and Next Friend for the purposes of this litigation and resides with and cares for A. M. at the same address.

(6)     C. M. is a minor individual and daughter of Plaintiff Decedent Jose Moura, Jr. residing at 83 Grove Street, Worcester County, Shrewsbury, Massachusetts at all relevant times to this complaint. Lori Turner is her Parent and Next Friend for the purposes of this litigation and resides with and cares for C. M. at the same address.

(7)     J. M. is a minor individual and daughter of Plaintiff Decedent Jose Moura, Jr. residing at 83 Grove Street, Worcester County, Shrewsbury, Massachusetts at all relevant times to this complaint. Lori Turner is her Parent and Next Friend for the purposes of this litigation and resides with and cares for J. M. at the same address.

(8)     Lori Turner, is an individual residing at 83 Grove Street, Worcester County, Shrewsbury, Massachusetts at all relevant times to this complaint. Ms. Turner is Mr. Moura's partner of 15 plus years, the guardian of A. M., and the parent of C. M. and J. M..

### JURISDICTION AND VENUE

(9)     This matter properly before the United States District Court for the District of Massachusetts, as the court has personal and subject matter jurisdiction over the matter, the amount in controversy exceeds $75,000.00 and the parties are diverse in state citizenship.

(10)     The Decedent, Mr. Jose Moura, Jr., was a resident of Worcester, Massachusetts. Mr. Moura's surviving family members, his longtime partner and mother to his three children, most of his brother's and sisters, and his parents reside in the Worcester Area.

(11)     Defendant New Prime, Inc. is an international trucking company that regularly uses the roadways, highways, streets, and resources of the Commonwealth of Massachusetts as it ships, receives and transports products throughout the country.

(12)     Defendant New Prime, Inc. employs numerous residents of the Commonwealth of Massachusetts, including at one time in an undetermined capacity, the decedent, Mr. Moura, Jr.

(13)     Defendant John Doe, Administrator of the Estate of John Paul Cannon, is an unknown individual who represent an individual that resided in Hermitage, Pennsylvania at the time of his demise.

(14)     Because this matter involves the death of an individual and associated claims the amount in controversy is greater than $75,000.00.

### FACTS

(15)     Plaintiff repeats and revers the previous paragraphs as if all laid out herein.

(16)     Plaintiff Decedent Mr. Moura, Jr. begin a training program with New Prime, Inc. and/or one of its subsidiaries in or about the year 2016. As part of this training program, Mr. Moura was required to spend a certain amount of time and/or miles working with a mentor or trainer, chosen by New Prime, Inc.

(17)     New Prime, Inc. assigned Mr. Moura, Jr. to Mr. John Paul Cannon a commercial truck driver.

(18)     Mr. John Paul Cannon operated a vehicle leased to him as an independent contractor.

(19)    This vehicle, a Semi Truck, was owned by Prime, Inc., by information and belief, and/or another company related to or a subsidiary for or of Defendant New Prime, Inc.

(20)    Mr. Moura, under the training of Mr. Cannon, drove the requisite miles and or hours required of him an otherwise completed his training as required under the training contract in December of 2016.

(21)    Mr. Moura completed his training near or at the Salt Lake City terminal of Defendant New Prime, Inc.

(22)    On or about December 14, 2016, Mr. Moura and Mr. Cannon were traveling East Bound on Interstate 35, near Purcell, Oklahoma. Mr. Moura was riding along with Mr. Cannon, traveling to the headquarters of New Prime, Inc. in Missouri.

(23)    At approximately 12:25 PM, Mr. Cannon was operating the Tractor-Trailer vehicle owned by Prime, Inc. when he struck the back of another Tractor Trailer at a high rate of speed.

(24)    The catastrophic collision that followed resulted in the death of Mr. John Paul Cannon.

(25)    Mr. Moura was grievously wounded in the collision.

(26)    After being extricated from the crash site, Mr. Moura was life flighted to the Oklahoma University Medical Center, where he was treated for his injuries.

(27)    Upon examination, Mr. Moura was determined to be suffering from: Right Pneumothorax, Trace; Left Hemopneumothorax, Large; Bilateral Pulmonary Contusions and Ateleclasis; Right ribs 304 acute, displaced fractures at costochondoral junction; Left posterior ribs 10-12 acute, comminuted, displaced fractures with lateral dislocations of the 11th and 12th costothoracic junctions; T7-T11 acute, displaced fractures of the spinous process and left transverse processes of T9-T12; Mild acute free hemorrhage in the left

retroperitoneum and pelvis; Acute, displaced fractures of the left transverse processes at

L1-L5; Acute, comminuted, mildly displaced fracture of the left sacral ala; Left sacroiliac

joint diastased up to 3.5 cm; Pubic Symphysis is distased up to 3.0 cm; Prominent

bruising in the left flank and gluteal region along with adjacent psoas intramuscular

hematoma formation.

(28)    Following six days in the ICU, Mr. Moura was transferred via medical air transport to

Massachusetts General Hospital in Boston, Massachusetts.

(29)    Mr. Moura died during the transport of December 20, 2016.

(30)    Shortly following Mr. Moura's injury, New Prime, Inc. filed its own paperwork to begin

paying death benefits to Mr. Moura's children under Pennsylvanian Workers

Compensation Law, Jurisdictional Claim No. 7840914

(31)    On or about July 28, 2017, New Prime, Inc., through its counsel, was asked to provide

information regarding Mr. Moura, included but not limited to a copy of the active

employment contract Mr. Moura was working under at the time of his collision; an

accounting of all bills paid to date for Mr. Moura, leasing information regarding Mr. John

Paul Cannon, insurance policy information regarding Mr. Moura and New Prime, Inc.

(32)    To date, New Prime, Inc. has wholly failed to respond to these requests in any

meaningful manner.

(33)    On information and belief, John Paul Cannon was operating a vehicle under a lease

agreement with New Prime, Inc. and/or one of its subsidiaries or holding companies on or

about December 14, 2016.

(34)    On information and belief, John Paul Cannon was an independent contractor for New

Prime, Inc. and/or a holding company or subsidiary on or about December 14, 2016.

(35)   On information and belief, New Prime, Inc. and/or their holding company or subsidiary knew or should have known that its independent contractor, John Paul Cannon was unfit to operate its vehicle.

(36)   On information and belief, Plaintiff Decedent Jose Moura, Jr. was not under an employment contract at the time of the collision.

(37)   On information and belief, New Prime, Inc. holds interests in or wholly owns a number of subsidiaries, which may be the leasing agency, employment agency, holding company, subsidiary and/or owner of record of the motor vehicle involved in this collision.

## DEFINITIONS

(38)   Throughout this complaint, New Prime, Inc. refers to New Prime, Inc. and/or an unknown subsidiary or holding company of New Prime, Inc.

(39)   "Semi-Truck"; "Truck", "Commercial Truck", "Long Haul Truck", "Tractor-Trailer" - all refer to the truck being driven by Defendant Decedent Cannon and commonly used by Defendant New Prime, Inc. in its endeavors.

## COUNT I: NEGLIGENT ENTRUSTMENT
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. New Prime, Inc.

(40)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(41)   On or about December 14, 2016, New Prime, Inc. was the owner of a Tractor Trailer being operated by John Paul Cannon.

(42)   As the owner of the vehicle being operated by Mr. Cannon, New Prime, Inc. is responsible for the actions of its driver.

(43)     New Prime, Inc. knew or should have known that its independent contractor John Paul
         Cannon was unfit to safely operate its vehicle.

(44)     On or about December 14, 2016, Defendant New Prime, Inc., breached its duty of care
         when it failed to stop John Paul Cannon from operating it Tractor Trailer, when it
         allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an
         unfit driver.

(45)     On or about December 14, 2016, Mr. Cannon, operating New Prime, Inc. vehicle, caused
         a severe and catastrophic collision.

(46)     As further direct and proximate result of the negligence of Defendant New Prime, Inc.,
         Mr. Moura, Jr. was grievously and mortally injured.

(47)     As a result of Defendant New Prime, Inc.'s actions and inactions, Mr. Moura's family,
         loved ones, and next of kin were deprived of the fair monetary value of the decedent,
         including but not limited to compensation for the loss of reasonably expected services,
         protections, care, assistance, society, companionship, comfort, guidance, counsel, advice
         of the decedent, punitive damages, all damages recognized under law and to the
         reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose Moura,
Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the
Court to be fair and just, including interest, costs, punitive damages, all damages recognized
under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT I**

**COUNT II: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(48)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(49)   On or about December 14, 2016, was caused to be in a terrible motor vehicle collision by and through the actions of Defendant New Prime, Inc. resulting in his pain and suffering, fear of death, and ultimate demise.

(50)   Defendant New Prime, Inc. owed Decedent Jose Moura, Jr. a duty of care including but not limited to providing a safe workplace.

(51)   Defendant New Prime, Inc. owed Decedent Jose Moura, Jr. a duty of care to ensure that its independent contractors and drivers were properly qualified, capable, and trained for their jobs.

(52)   Defendant New Prime, Inc. breached its duty of care when its Truck, operated by Decedent John Paul Cannon, struck another vehicle while on a highway outside of Purcell, Oklahoma.

(53)   Defendant New Prime, Inc. breached its duty of care when it failed to provide a safe workplace.

(54)   Defendant New Prime, Inc. breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(55)   Defendant New Prime, Inc. was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that

independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(56)   As a direct and proximate result of Defendant Bay New Prime, Inc. negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(57)   As a direct and proximate result of Defendant New Prime, Inc., negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant New Prime, Inc. in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT II.**

**COUNT III: CONSCIOUS PAIN AND SUFFERING**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(58)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(59)   This action is brought to recover for the conscious pain and suffering of Plaintiff's

Decedent Jose  Moura, Jr.

(60)   As the direct and proximate result of Defendant New Prime, Inc.s negligence Jose

Moura, Jr., was caused great pain and conscious suffering, including imminent fear of

death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura,

Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the

Court to be fair and just, including interest, costs, punitive damages, all damages recognized

under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT III**

**COUNT IV: RESPONDEAT SUPERIOR**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(61)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(62)   On or about December 14, 2016, Defendant New Prime, Inc. had in its agency or service

John Paul Cannon.

(63)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents,

or servants is imputed to be the responsibility of Defendant New Prime, Inc.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura,

Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the

Court to be fair and just, including interest, costs, punitive damages, all damages recognized

under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT IV**

**COUNT V: NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(64)     Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(65)     Defendant New Prime, Inc. had a duty exercise reasonable care in the hiring, training,

and supervision of its agents, servants, and/or independent contractors.

(66)     Defendant New Prime, Inc., knew or should have known that Defendant John Paul

Cannon, among other agents, servants, and/or independent contractors, lacked proper

skills and training and was unfit and unable to safely and properly perform his job on or

about December 14, 2016.

(67)     By failing to take reasonable measures in properly hiring, training, and supervising its

agents, servants, and or independent contractors including but not limited to John Paul

Cannon; Defendant New Prime, Inc. breached its duty of care to Plaintiff Decedent Jose

Moura, Jr.

(68)     As a direct and proximate result of Defendant New Prime, Inc. negligent hiring, training,

and supervision of John Paul Cannon, Plaintiff Decedent Jose  Moura, Jr. was caused to

suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura,

Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the

Court to be fair and just, including interest, costs, punitive damages, all damages recognized

under law and attorney's fees as may apply.

Case 4:17-cv-40166-TSH   Document 1   Filed 12/14/17   Page 12 of 19

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT V**

**COUNT VI: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v. New Prime, Inc.**

(69)     Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(70)     As a direct and proximate result of the negligence of the Defendant New Prime, Inc.,

Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections,

care, assistance, society, companionship, comfort, guidance, counsel, advice of the

decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

**PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT VI**

**COUNT VII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. New Prime, Inc.**

(71)     Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(72)     As a direct and proximate result of the negligence of the Defendant New Prime, Inc.,

Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections,

care, assistance, society, companionship, comfort, guidance, counsel, advice of the

decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT VII**

**COUNT VIII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v. New Prime, Inc.**

(73)    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(74)    As a direct and proximate result of the negligence of the Defendant New Prime, Inc.,

Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections,

care, assistance, society, companionship, comfort, guidance, counsel, advice of the

decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT VIII**

**COUNT IX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Lori Turner, Individually v. New Prime, Inc.**

(75)    Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(76)    The Plaintiff invokes the jurisdiction of this Court under the principles of pendent

jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged

herein derive from a common nucleus of operative facts and are such that a litigant would

be required to try them all in a single proceeding.

(77)    At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to

and breached that duty through their conduct as alleged above.

(78)    Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant New

Prime, Inc.'s conduct, which caused physical harm manifested by objective

symptomatology which a reasonable person would have suffered under the circumstances

of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT IX**

**COUNT X: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(79)     Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(80)    On or about December 14, 2016 was caused to be in a terrible motor vehicle collision by

and through the actions of Decedent John Paul Cannon, resulting in his pain and

suffering, fear of death, and ultimate demise.

(81)    Defendant Decedent John Paul Cannon owed Decedent Jose Moura, Jr. a duty of care

including but not limited to operating a semi truck safely and with due care.

(82)    Defendant Decedent John Paul Cannon owed Decedent Jose Moura, Jr. a duty of care and

promise that Mr. Cannon was properly, trained, licensed and qualified to operate a semi-

truck.

(83)    Defendant John Paul Cannon. breached his duty of care when its truck, operated by

Decedent John Paul Cannon, struck another vehicle while on a highway outside of

Purcell, Oklahoma.

(84)    Defendant John Paul Cannon breached his duty of care when he struck another vehicle on

the highway.

(85)   Defendant Decedent John Paul Cannon breached his duty of care when he acted outside of his training, skill level, qualifications, abilities, and scope of engagement.

(86)   Defendant Decedent John Paul Cannon was negligent and/or grossly negligent when he acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, failing to operate a truck at a safe speed, failing to pay attention to the road conditions around him, failing to be prepared and/or able to safely operate the semi truck, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that his equipment was in proper working order, and failing to ensure that he was using the proper equipment.

(87)   As a direct and proximate result of Defendant Decedent John Paul Cannon negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain and suffering, and ultimately to perish.

(88)   As a direct and proximate result of Defendant Decedent John Paul Cannon, negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Decedent John Paul Cannon in an amount to be determined by the Court to be fair and just, including

interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT X**

**COUNT XI: CONSCIOUS PAIN AND SUFFERING**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v.**
**John Doe, Personal Representative of the Estate of John Paul Cannon.**

(89)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(90)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(91)   As the direct and proximate result of Defendant Decedent John Paul Cannons negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Decedent John Paul Cannon, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XI**

**COUNT XII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(92)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(93)   As a direct and proximate result of the negligence of the Defendant John Doe, Administrator of the Estate of John Paul Cannon, Minor Plaintiff A. M. has been

deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT XII**

**COUNT XIII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(94)    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(95)    As a direct and proximate result of the negligence of the Defendant John Doe, Administrator of the Estate of John Paul Cannon, Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XIII**

**COUNT XIV: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(96)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(97)   As a direct and proximate result of the negligence of the Defendant John Doe, Administrator of the Estate of John Paul Cannon Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

<b>PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XIV</b>

<b><u>COUNT XV</u> - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</b><br><b>Lori Turner, Individually v. John Doe, Administrator of the Estate of John Paul Cannon.</b>

(98)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(99)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(100)   At all times herein mentioned, Defendant Decedent John Paul Cannon owed Plaintiff Lori Turner a duty of care, and breached that duty through their conduct as alleged above.

(101)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant Decedent John Paul Cannon's conduct, which caused physical harm manifested by

objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XV**

Respectfully Submitted,
Plaintiff,
By his Attorneys,

/s/ Matthieu J. Parenteau, Esq.
_____

Donald R. Grady
BBO# 544841
Matthieu J. Parenteau
BBO# 679941
10 Tremont Street, 7th Floor
Boston, Massachusetts 02108
(P) 617.227.7000
(F) 617.227.8833
DGrady@shefflaw.com
MParenteau@shefflaw.com

DECEMBER 14, 2017