## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 17 - 40166

**JOSE MOURA, SR., PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JOSE MOURA, JR., LORI TURNER, AS
PARENT AND NEXT FRIEND OF MINOR
PLAINTIFFS A.M., C. M., AND J. M., LORI
TURNER, INDIVIDUALLY**

    **PLAINTIFFS,**

**V.**

**NEW PRIME, INC., JOHN DOE,
ADMINSTRATOR OF THE ESTATE OF JOHN
PAUL CANNON, SUCCESS LEASING, INC.;
ECOTIRE TREADING, CO, LLC; WOLVERINE
LAND HOLDINGS, LLC; PRIME FLORAL, LLC.;
CAMPUS, INC., and L.H.P. TRANSPORTATION
SERVICES, INC.**

    **DEFENDANTS.**

## AMENDED COMPLAINT

(1)    Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr. is a resident of

the Commonwealth of Massachusetts, residing at 63 Venus Drive, Worcester, Worcester

County.

(2)    John Paul Cannon was an individual who resided at 174 N. Buhl Farm Dr., Hermitage,

Mercer County, Pennsylvania at the time of his death, December 14, 2016. JOHN DOE is

the expected UNKNOWN administrator of his estate, expected to be established on

behalf of the decedent defendant John Cannon's estate.

(3)   Success Leasing, Inc., is a Truck leasing and/or selling company providing primarily New Prime, Inc. drivers, independent contractors, employees, agents and/or servants access to Tractor Trailer vehicles in order to fulfill the needs of New Prime, Inc. and Prime Logistics, Inc. The have a principal business office at 2740 N. Mayfair, Springfield, MO 65803, and a registered agent of Steve Crawford, located at the same address with a Missouri Charter No. 00369245.

(4)   New Prime, Inc. is an international trucking company providing refrigerated, flatbed, tanker and intermodal carrier service through out North America. New Prime, Inc. is headquartered at 2740 N. Mayfair, Springfield, Green County, Missouri. It is incorporated in the state of Nebraska, Secretary of State Number 0790540.

(5)   New Prime, Inc. has a registered agent in the Commonwealth of Massachusetts, Incorp Services, Inc., located at 44 School Street, Suite 325, Boston, Suffolk County.

(6)   EcoTire Treading, CO, LLC; is a subsidiary and affiliate of Success Leasing, Inc., and New Prime, Inc. and materially benefits, directs, and relies on these parent companies. EcoTire Treading, CO, LLC is a limited liability company incorporated in Missouri with a principal place of business of 2740 N. Mayfair, Springfield, MO 65808. EcoTire Treading Co, LLC has a registered agent of Steve Crawford at the same address, and is Charter No. LC1347771.

(7)   Wolverine Land Holdings, LLC is a subsidiary and/or affiliate of Success Leasing, Inc. and New Prime, Inc. and materially benefits, directs, and relies on these parent/affiliate companies. Wolverine Land Holdings, LLC is a limited liability company incorporated in Missouri with a principal place of business at 2740 N. Mayfair, Springfield, MO 65808.

Wolverine Land Holdings, LLC has a registered agent of Steve Crawford at the same address, and is under Missouri Charter No. LC1011883.

(8) Prime Floral LLC is a subsidiary and/or affiliate of Success Leasing, Inc, and New Prime, Inc. and materially benefits, directs, and relies on these parent/affiliate companies in its day to day business. Prime Floral LLC is a limited liability company incorporated in Missouri with a principal place of business at 2740 N. Mayfair, Springfield, MO 65808. Prime Floral LLC has a registered agent of Steve Crawford at the same address, and is under Missouri Charter, No. LC 0571758.

(9) Campus Inc is a subsidiary and/or affiliate of Success Leasing, Inc. and New Prime, Inc. and materially benefits, directs, and relies on these parent/affiliate companies in its day to day business. Campus Inc., is a limited liability company incorporated in Missouri with a principal place of business at 2740 N. Mayfair, Springfield, MO 65808. Campus, Inc., has a registered agent of Steve Crawford at the same address, and is under Missouri Charter No. 00469466.

(10) L.H.P. Transportation Services, Inc., is a subsidiary and/or affiliate of Success Leasing, Inc. and New Prime, Inc., and materially benefits, directs, and relies on these parent/affiliate companies in its day to day business. L.H.P. is a limited liability company incorporate in Missouri with a principal place of business at 2740 N. Mayfair, Springfield, MO 65808. L.H.P. Transportation has a registered agent of Steve Crawford at the same address and is under Missouri Charter No. 00378363.

## JURISDICTION AND VENUE

(11) This matter properly before United State District Court, District of Massachusetts as the Defendants conducted and/or materially profited from extensive contacts with the

Commonwealth, and actively availed themselves of the benefits of doing business in the Commonwealth.

(12)   This Court has previously determined that Defendant New Prime, Inc. is properly before this Court in its 15 page decision, Docket # 33.

(13)   Plaintiffs assert on information and belief that the affiliate and subsidiary companies named herein, Defendants Success Leasing, Inc., EcoTire Treading, CO, LLC, Wolverine Land Holdings, LLC, Campus, Inc., and L.H.P. Transportation Services, Inc., all directly benefit, direct and act in concordance with Defendant New Prime, Inc.

(14)   These companies are subject to Personal Jurisdiction in the Commonwealth of Massachusetts because of their intentional reaching in through the actions of New Prime, Inc., in accordance with the findings of this Court in Docket #33.

(15)   Defendant John Doe, Administrator of the Estate of John Cannon, is expected to reside in Pennsylvania. Defendant Decedent Cannon was and/or contracted with New Prime, Inc. and Success Leasing, Inc., and or another Defendant named herein, and conducted substantial business in and throughout the Commonwealth, and availed themselves of the law of the Commonwealth.

(16)   By the Defendants actions and/or inactions the Defendant caused a death within the Commonwealth of Massachusetts.

(17)   By the Defendants actions and/or inactions the Decedents of Jose Moura, to wit Lori Turner, A.M., C.M., J.M. were caused severe and permanent injury within the Commonwealth.

(18)   By the Defendants actions and/or inactions the Commonwealth was caused injury, as it now may incur cost, expense, and/or burden in the care of residents Lori Turner, A.M., C.M., and J.M. to which it previously would not have endured.

(19)   Defendant New Prime, Inc., and/or another Defendant named herein employs numerous residents of the Commonwealth of Massachusetts, including at one time in an undetermined capacity, the decedent, Mr. Moura, Jr.

(20)   Defendant John Doe, Administrator of the Estate of John Paul Cannon, is an unknown individual who represent an individual that resided in Hermitage, Pennsylvania at the time of his demise.

(21)   Because this matter involves the death of an individual and associated claims the amount in controversy is greater than $75,000.00.

## FACTS

(22)   Plaintiff repeats and revers the previous paragraphs as if all laid out herein.

(23)   Plaintiff Decedent Mr. Moura, Jr. begin a training program with New Prime, Inc. and/or one of its subsidiaries in or about the year 2016. As part of this training program, Mr. Moura was required to spend a certain amount of time and/or miles working with a mentor or trainer, chosen by New Prime, Inc.

(24)   New Prime, Inc. and/or a Defendant named herein assigned Mr. Moura, Jr. to Mr. John Paul Cannon a commercial truck driver.

(25)   Mr. John Paul Cannon operated a vehicle leased to him as an independent contractor.

(26)   This vehicle, a Semi Truck, was owned by Success Leasing, Inc. by information and belief, and/or another company or defendant named herein or related to or a subsidiary for or of Defendant New Prime, Inc.

(27)     Mr. Moura, under the training of Mr. Cannon, drove the requisite miles and or hours

         required of him an otherwise completed his training as required under the training

         contract in December of 2016.

(28)     Mr. Moura completed his training near or at the Salt Lake City terminal of Defendant

         New Prime, Inc.

(29)     On or about December 14, 2016, Mr. Moura and Mr. Cannon were traveling East Bound

         on Interstate 35, near Purcell, Oklahoma. Mr. Moura was riding along with Mr. Cannon,

         traveling to the headquarters of all Defendants listed here in, including Success Leasing,

         and New Prime, Inc., in Missouri.

(30)     At approximately 12:25 PM, Mr. Cannon was operating the Tractor-Trailer vehicle

         owned by Success Leasing, Inc. when he struck the back of another Tractor Trailer at a

         high rate of speed.

(31)     The catastrophic collision that followed resulted in the death of Mr. John Paul Cannon.

(32)     Mr. Moura was grievously wounded in the collision.

(33)     After being extricated from the crash site, Mr. Moura was life flighted to the Oklahoma

         University Medical Center, where he was treated for his injuries.

(34)     Upon examination, Mr. Moura was determined to be suffering from: Right

         Pneumothorax, Trace; Left Hemopneumothorax, Large; Bilateral Pulmonary Contusions

         and Ateleclasis; Right ribs 304 acute, displaced fractures at costochondoral junction; Left

         posterior ribs 10-12 acute, comminuted, displaced fractures with lateral dislocations of

         the 11th and 12th costothoracic junctions; T7-T11 acute, displaced fractures of the spinous

         process and left transverse processes of T9-T12; Mild acute free hemorrhage in the left

         retroperitoneum and pelvis; Acute, displaced fractures of the left transverse processes at

L1-L5; Acute, comminuted, mildly displaced fracture of the left sacral ala; Left sacroiliac joint diastased up to 3.5 cm; Pubic Symphysis is diastased up to 3.0 cm; Prominent bruising in the left flank and gluteal region along with adjacent psoas intramuscular hematoma formation.

(35)   Following six days in the ICU, Mr. Moura was transferred via medical air transport to Massachusetts General Hospital in Boston, Massachusetts.

(36)   Mr. Moura died during the transport of December 20, 2016.

(37)   Shortly following Mr. Moura's injury, New Prime, Inc. filed its own paperwork to begin paying death benefits to Mr. Moura's children under Pennsylvanian Workers Compensation Law, Jurisdictional Claim No. 7840914

(38)   On or about July 28, 2017, New Prime, Inc., through its counsel, was asked to provide information regarding Mr. Moura, included but not limited to a copy of the active employment contract Mr. Moura was working under at the time of his collision; an accounting of all bills paid to date for Mr. Moura, leasing information regarding Mr. John Paul Cannon, insurance policy information regarding Mr. Moura and New Prime, Inc.

(39)   To date, New Prime, Inc. has wholly failed to respond to these requests in any meaningful manner.

(40)   On information and belief, John Paul Cannon was operating a vehicle under a lease agreement with New Prime, Inc. and/or one of its subsidiaries or holding companies on or about December 14, 2016.

(41)   On information and belief, John Paul Cannon was an independent contractor for New Prime, Inc. and/or a holding company or subsidiary on or about December 14, 2016.

(42)  On information and belief, New Prime, Inc. and/or their holding company or subsidiary knew or should have known that its independent contractor, John Paul Cannon was unfit to operate its vehicle.

(43)  On information and belief, Plaintiff Decedent Jose Moura, Jr. was not under an employment contract at the time of the collision.

(44)  On information and belief, New Prime, Inc. holds interests in or wholly owns a number of subsidiaries, which may be the leasing agency, employment agency, holding company, subsidiary and/or owner of record of the motor vehicle involved in this collision.

**DEFINITIONS**

(45)   "Semi-Truck"; "Truck", "Commercial Truck", "Long Haul Truck", "Tractor-Trailer" - all refer to the truck being driven by Defendant Decedent Cannon and commonly used by Defendant New Prime, Inc. in its endeavors.

**COUNT I: NEGLIGENT ENTRUSTMENT**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(46)  Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(47)  On or about December 14, 2016, New Prime, Inc. was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(48)  As the owner of the vehicle being operated by Mr. Cannon, New Prime, Inc. is responsible for the actions of its driver.

(49)   New Prime, Inc. knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(50)   On or about December 14, 2016, Defendant New Prime, Inc., breached its duty of care when it failed to stop John Paul Cannon from operating it Tractor Trailer, when it allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(51)   On or about December 14, 2016, Mr. Cannon, operating New Prime, Inc. vehicle, caused a severe and catastrophic collision.

(52)   As further direct and proximate result of the negligence of Defendant New Prime, Inc., Mr. Moura, Jr. was grievously and mortally injured.

(53)   As a result of Defendant New Prime, Inc.'s actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT I

## COUNT II: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ
**Jose Moura, Sr, Personal Representative of
The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(54)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(55)   On or about December 14, 2016, Decedent Jose Moura, Jr. was caused to be in a terrible motor vehicle collision by and through the actions of Defendant New Prime, Inc. resulting in his pain and suffering, fear of death, and ultimate demise.

(56)   Defendant New Prime, Inc. owed Decedent Jose Moura, Jr. a duty of care including but not limited to providing a safe workplace.

(57)   Defendant New Prime, Inc. owed Decedent Jose Moura, Jr. a duty of care to ensure that its independent contractors and drivers were properly qualified, capable, and trained for their jobs.

(58)   Defendant New Prime, Inc. breached its duty of care when its Truck, operated by Decedent John Paul Cannon, struck another vehicle while on a highway outside of Purcell, Oklahoma.

(59)   Defendant New Prime, Inc. breached its duty of care when it failed to provide a safe workplace.

(60)   Defendant New Prime, Inc. breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(61)   Defendant New Prime, Inc. was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent

contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(62)     As a direct and proximate result of Defendant Bay New Prime, Inc. negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(63)     As a direct and proximate result of Defendant New Prime, Inc., negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant New Prime, Inc. in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT II.

### COUNT III: CONSCIOUS PAIN AND SUFFERING
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(64)     Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(65)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(66)   As the direct and proximate result of Defendant New Prime, Inc.'s negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT III

## COUNT IV: RESPONDEAT SUPERIOR
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. New Prime, Inc.

(67)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(68)   On or about December 14, 2016, Defendant New Prime, Inc. had in its agency or service John Paul Cannon.

(69)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents, or servants is imputed to be the responsibility of Defendant New Prime, Inc.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the

Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT IV**

**COUNT V: NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. New Prime, Inc.**

(70)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(71)   Defendant New Prime, Inc. had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(72)   Defendant New Prime, Inc., knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(73)   By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul Cannon; Defendant New Prime, Inc. breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(74)   As a direct and proximate result of Defendant New Prime, Inc. negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant New Prime, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT V**

**COUNT VI: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v. New Prime, Inc.**

(75)    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(76)    As a direct and proximate result of the negligence of the Defendant New Prime, Inc.,

Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections,

care, assistance, society, companionship, comfort, guidance, counsel, advice of the

decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

**PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT VI**

**COUNT VII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. New Prime, Inc.**

(77)    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(78)    As a direct and proximate result of the negligence of the Defendant New Prime, Inc.,

Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections,

care, assistance, society, companionship, comfort, guidance, counsel, advice of the

decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT VII**

**COUNT VIII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v. New Prime, Inc.**

(79)    Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(80)    As a direct and proximate result of the negligence of the Defendant New Prime, Inc., Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT VIII**

**COUNT IX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Lori Turner, Individually v. New Prime, Inc.**

(81)    Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(82)    The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(83)    At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to and breached that duty through their conduct as alleged above.

(84)     Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant New

Prime, Inc.'s conduct, which caused physical harm manifested by objective

symptomatology which a reasonable person would have suffered under the circumstances

of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT IX**

**COUNT X: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(85)      Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(86)     On or about December 14, 2016 was caused to be in a terrible motor vehicle collision by

and through the actions of Decedent John Paul Cannon, resulting in his pain and

suffering, fear of death, and ultimate demise.

(87)     Defendant Decedent John Paul Cannon owed Decedent Jose Moura, Jr. a duty of care

including but not limited to operating a semi truck safely and with due care.

(88)     Defendant Decedent John Paul Cannon owed Decedent Jose Moura, Jr. a duty of care and

promise that Mr. Cannon was properly, trained, licensed and qualified to operate a semi-

truck.

(89)     Defendant John Paul Cannon breached his duty of care when its truck, operated by

Decedent John Paul Cannon, struck another vehicle while on a highway outside of

Purcell, Oklahoma.

(90)     Defendant John Paul Cannon breached his duty of care when he struck another vehicle on

the highway.

(91)    Defendant Decedent John Paul Cannon breached his duty of care when he acted outside

        of his training, skill level, qualifications, abilities, and scope of engagement.

(92)    Defendant Decedent John Paul Cannon was negligent and/or grossly negligent when he

        acted without due care or regard and/or with a reckless, wanton and willful manner by

        among other things, failing to operate a truck at a safe speed, failing to pay attention to

        the road conditions around him, failing to be prepared and/or able to safely operate the

        semi truck, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing

        to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that his

        equipment was in proper working order, and failing to ensure that he was using the

        proper equipment.

(93)    As a direct and proximate result of Defendant Decedent John Paul Cannon negligence

        and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of

        death, conscious pain and suffering, and ultimately to perish.

(94)    As a direct and proximate result of Defendant Decedent John Paul Cannon, negligence

        and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the

        fair monetary value of the decedent, including but not limited to compensation for the

        loss of reasonably expected services, protections, care, assistance, society,

        companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all

        damages recognized under law and to the reasonable medical, funeral, and burial

        expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal

Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Decedent

John Paul Cannon in an amount to be determined by the Court to be fair and just, including

interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT X**

**COUNT XI: CONSCIOUS PAIN AND SUFFERING**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v.**
**John Doe, Personal Representative of the Estate of John Paul Cannon.**

(95)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(96)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(97)   As the direct and proximate result of Defendant Decedent John Paul Cannons negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Decedent John Paul Cannon, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XI**

**COUNT XII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(98)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(99)   As a direct and proximate result of the negligence of the Defendant John Doe, Administrator of the Estate of John Paul Cannon, Minor Plaintiff A. M. has been

deprived of the reasonably expected services, protections, care, assistance, society,

companionship, comfort, guidance, counsel, advice of the decedent, punitive damages,

and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

## PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT XII

### COUNT XIII: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(100)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(101)   As a direct and proximate result of the negligence of the Defendant John Doe,

Administrator of the Estate of John Paul Cannon, Minor Plaintiff C. M. has been

deprived of the reasonably expected services, protections, care, assistance, society,

companionship, comfort, guidance, counsel, advice of the decedent, punitive damages,

and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XIII

### COUNT XIV: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v.**
**John Doe, Administrator of the Estate of John Paul Cannon**

(102)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(103)   As a direct and proximate result of the negligence of the Defendant John Doe, Administrator of the Estate of John Paul Cannon Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XIV

## <u>COUNT XV</u> - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Lori Turner, Individually v. John Doe, Administrator of the Estate of John Paul Cannon.

(104)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(105)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(106)   At all times herein mentioned, Defendant Decedent John Paul Cannon owed Plaintiff Lori Turner a duty of care, and breached that duty through their conduct as alleged above.

(107)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant Decedent John Paul Cannon's conduct, which caused physical harm manifested by

objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XV**

**COUNT XVI: NEGLIGENT ENTRUSTMENT**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. EcoTire Treading, Co LLC**

(108)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(109)   On or about December 14, 2016, EcoTire Treading, Co LLC was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(110)   As the owner, beneficiary, subsidiary, and/or affiliate of the vehicle being operated by Mr. Cannon, EcoTire Treading, Co LLC is responsible for the actions of its driver.

(111)   EcoTire Treading, Co LLC knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(112)   On or about December 14, 2016, Defendant EcoTire Treading, Co LLC, breached its duty of care when it failed to stop John Paul Cannon from operating the Tractor Trailer, when it allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(113)   On or about December 14, 2016, Mr. Cannon caused a severe and catastrophic collision.

(114)   As further direct and proximate result of the negligence of Defendant EcoTire Treading, Co LLC, Mr. Moura, Jr. was grievously and mortally injured.

(115)   As a result of Defendant EcoTire Treading, Co LLC's actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected

services, protections, care, assistance, society, companionship, comfort, guidance,

counsel, advice of the decedent, punitive damages, all damages recognized under law and

to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose Moura,

Jr., demands judgment against Defendant EcoTire Treading, Co LLC, in an amount to be

determined by the Court to be fair and just, including interest, costs, punitive damages, all

damages recognized under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT I

### COUNT XVII: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. EcoTire Treading, Co LLC**

(116)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(117)  On or about December 14, 2016, was caused to be in a terrible motor vehicle collision by

and through the actions of Defendant EcoTire Treading, Co LLC resulting in his pain and

suffering, fear of death, and ultimate demise.

(118)  Defendant EcoTire Treading, Co LLC owed Decedent Jose Moura, Jr. a duty of care

including but not limited to providing a safe workplace.

(119)  Defendant EcoTire Treading, Co LLC owed Decedent Jose Moura, Jr. a duty of care to

ensure that its independent contractors and drivers were properly qualified, capable, and

trained for their jobs.

(120)  Defendant EcoTire Treading, Co LLC breached its duty of care when the Truck, operated

by Decedent John Paul Cannon, struck another vehicle while on a highway outside of

Purcell, Oklahoma.

(121)   Defendant EcoTire Treading, Co LLC breached its duty of care when it failed to provide a safe workplace.

(122)   Defendant EcoTire Treading, Co LLC breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(123)   Defendant EcoTire Treading, Co LLC was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(124)   As a direct and proximate result of Defendant Bay EcoTire Treading, Co LLC negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(125)   As a direct and proximate result of Defendant EcoTire Treading, Co LLC, negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all

damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant EcoTire Treading, Co LLC in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XVII.

### COUNT XVIII: CONSCIOUS PAIN AND SUFFERING
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. EcoTire Treading, Co LLC**

(126)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(127)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(128)   As the direct and proximate result of Defendant EcoTire Treading, Co LLC's negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant EcoTire Treading, Co LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT III

### COUNT XIX: RESPONDEAT SUPERIOR
**Jose Moura, Sr, Personal Representative of**

**The Estate of Jose Moura, Jr. v. EcoTire Treading, Co LLC**

(129)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(130)   On or about December 14, 2016, Defendant EcoTire Treading, Co LLC had in its agency or service John Paul Cannon.

(131)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents, or servants is imputed to be the responsibility of Defendant EcoTire Treading, Co LLC

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant EcoTire Treading, Co LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT IV**

**COUNT XX: NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. EcoTire Treading, Co LLC**

(132)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(133)   Defendant EcoTire Treading, Co LLC had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(134)   Defendant EcoTire Treading, Co LLC, knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(135)   By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul

Cannon; Defendant EcoTire Treading, Co LLC breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(136)   As a direct and proximate result of Defendant EcoTire Treading, Co LLC negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant EcoTire Treading, Co LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XX

### COUNT XXI: NEGLIGENT ENTRUSTMENT
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Success Leasing, Inc.**

(137)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(138)   On or about December 14, 2016, Success Leasing, Inc. was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(139)   As the owner, beneficiary, subsidiary, and/or affiliate of the vehicle being operated by Mr. Cannon, Success Leasing, Inc. is responsible for the actions of its driver.

(140)   Success Leasing, Inc. knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(141)   On or about December 14, 2016, Defendant Success Leasing, Inc., breached its duty of care when it failed to stop John Paul Cannon from operating the Tractor Trailer, when it

allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(142)   On or about December 14, 2016, Mr. Cannon caused a severe and catastrophic collision.

(143)   As further direct and proximate result of the negligence of Defendant Success Leasing, Inc., Mr. Moura, Jr. was grievously and mortally injured.

(144)   As a result of Defendant Success Leasing, Inc.'s actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Success Leasing, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXI

## COUNT XXII: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. Success Leasing, Inc.

(145)    Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(146)   On or about December 14, 2016, Jose Moura, Jr. was caused to be in a terrible motor vehicle collision by and through the actions of Defendant Success Leasing, Inc. resulting in his pain and suffering, fear of death, and ultimate demise.

(147)   Defendant Success Leasing, Inc. owed Decedent Jose Moura, Jr. a duty of care including but not limited to providing a safe workplace.

(148)   Defendant Success Leasing, Inc. owed Decedent Jose Moura, Jr. a duty of care to ensure that its independent contractors and drivers were properly qualified, capable, and trained for their jobs.

(149)   Defendant Success Leasing, Inc. breached its duty of care when the Truck, operated by Decedent John Paul Cannon, struck another vehicle while on a highway outside of Purcell, Oklahoma.

(150)   Defendant Success Leasing, Inc. breached its duty of care when it failed to provide a safe workplace.

(151)   Defendant Success Leasing, Inc. breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(152)   Defendant Success Leasing, Inc. was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(153)   As a direct and proximate result of Defendant Bay Success Leasing, Inc. negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(154)   As a direct and proximate result of Defendant Success Leasing, Inc., negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Success Leasing, Inc. in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXII.**

### COUNT XXIII: CONSCIOUS PAIN AND SUFFERING
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Success Leasing, Inc.**

(155)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(156)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(157)   As the direct and proximate result of Defendant Success Leasing, Inc.'s negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Success Leasing, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXIII

### COUNT XXIV: RESPONDEAT SUPERIOR
**Jose Moura, Sr, Personal Representative of
The Estate of Jose Moura, Jr. v. Success Leasing, Inc.**

(158)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(159)   On or about December 14, 2016, Defendant Success Leasing, Inc. had in its agency or service John Paul Cannon.

(160)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents, or servants is imputed to be the responsibility of Defendant Success Leasing, Inc.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Success Leasing, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXIV

### COUNT XXV: NEGLIGENT HIRING, TRAINING, AND SUPERVISION
**Jose Moura, Sr, Personal Representative of
The Estate of Jose Moura, Jr. v. Success Leasing, Inc.**

(161)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(162)   Defendant Success Leasing, Inc. had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(163)   Defendant Success Leasing, Inc., knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(164)   By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul Cannon; Defendant Success Leasing, Inc. breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(165)   As a direct and proximate result of Defendant Success Leasing, Inc. negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Success Leasing, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXV**

**COUNT XXVI: NEGLIGENT ENTRUSTMENT**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Wolverine Land Holdings, LLC**

(166)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(167)   On or about December 14, 2016, Wolverine Land Holdings, LLC was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(168)   As the owner, beneficiary, subsidiary, and/or affiliate of the vehicle being operated by Mr. Cannon, Wolverine Land Holdings, LLC is responsible for the actions of its driver.

(169)   Wolverine Land Holdings, LLC knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(170)   On or about December 14, 2016, Defendant Wolverine Land Holdings, LLC, breached its duty of care when it failed to stop John Paul Cannon from operating the Tractor Trailer, when it allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(171)   On or about December 14, 2016, Mr. Cannon caused a severe and catastrophic collision.

(172)   As further direct and proximate result of the negligence of Defendant Wolverine Land Holdings, LLC, Mr. Moura, Jr. was grievously and mortally injured.

(173)   As a result of Defendant Wolverine Land Holdings, LLC's actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Wolverine Land Holdings, LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXVI**

**COUNT XXVII: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ**

**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Wolverine Land Holdings, LLC**

(174)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(175)   On or about December 14, 2016, Jose Moura, Jr. was caused to be in a terrible motor

vehicle collision by and through the actions of Defendant Wolverine Land Holdings,

LLC resulting in his pain and suffering, fear of death, and ultimate demise.

(176)   Defendant Wolverine Land Holdings, LLC owed Decedent Jose Moura, Jr. a duty of care

including but not limited to providing a safe workplace.

(177)   Defendant Wolverine Land Holdings, LLC owed Decedent Jose Moura, Jr. a duty of care

to ensure that its independent contractors and drivers were properly qualified, capable,

and trained for their jobs.

(178)   Defendant Wolverine Land Holdings, LLC breached its duty of care when the Truck,

operated by Decedent John Paul Cannon, struck another vehicle while on a highway

outside of Purcell, Oklahoma.

(179)   Defendant Wolverine Land Holdings, LLC breached its duty of care when it failed to

provide a safe workplace.

(180)   Defendant Wolverine Land Holdings, LLC breached its duty of care when they

empowered, requested, and required Defendant John Paul Cannon, among other

independent contractors, to act outside of their training, skill level, qualifications,

abilities, and scope of engagement.

(181)   Defendant Wolverine Land Holdings, LLC was negligent and/or grossly negligent when

it acted without due care or regard and/or with a reckless, wanton and willful manner by

among other things, though not limited to, failing to provide a safe workplace, failing to

ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(182) As a direct and proximate result of Defendant Bay Wolverine Land Holdings, LLC negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(183) As a direct and proximate result of Defendant Wolverine Land Holdings, LLC, negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Wolverine Land Holdings, LLC in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXVII**

**COUNT XXVIII: CONSCIOUS PAIN AND SUFFERING**
**Jose Moura, Sr, Personal Representative of**

**The Estate of Jose Moura, Jr. v. Wolverine Land Holdings, LLC**

(184)  Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(185)  This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(186)  As the direct and proximate result of Defendant Wolverine Land Holdings, LLC's negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Wolverine Land Holdings, LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXVIII

### COUNT XXIX: RESPONDEAT SUPERIOR
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Wolverine Land Holdings, LLC**

(187)  Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(188)  On or about December 14, 2016, Defendant Wolverine Land Holdings, LLC had in its agency or service John Paul Cannon.

(189)  Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents, or servants is imputed to be the responsibility of Defendant Wolverine Land Holdings, LLC

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Wolverine Land Holdings, LLC, in an amount to be

determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXIX**

**COUNT XXX: NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Wolverine Land Holdings, LLC**

(190)  Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(191)  Defendant Wolverine Land Holdings, LLC had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(192)  Defendant Wolverine Land Holdings, LLC, knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(193)  By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul Cannon; Defendant Wolverine Land Holdings, LLC breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(194)  As a direct and proximate result of Defendant Wolverine Land Holdings, LLC negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Wolverine Land Holdings, LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXX**

## COUNT XXXI: NEGLIGENT ENTRUSTMENT
**Jose Moura, Sr, Personal Representative of
The Estate of Jose Moura, Jr. v. Prime Floral, LLC**

(195)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(196)   On or about December 14, 2016, Prime Floral, LLC was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(197)   As the owner, beneficiary, subsidiary, and/or affiliate of the vehicle being operated by Mr. Cannon, Prime Floral, LLC is responsible for the actions of its driver.

(198)   Prime Floral, LLC knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(199)   On or about December 14, 2016, Defendant Prime Floral, LLC, breached its duty of care when it failed to stop John Paul Cannon from operating the Tractor Trailer, when it allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(200)   On or about December 14, 2016, Mr. Cannon caused a severe and catastrophic collision.

(201)   As further direct and proximate result of the negligence of Defendant Prime Floral, LLC, Mr. Moura, Jr. was grievously and mortally injured.

(202)   As a result of Defendant Prime Floral, LLC's actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice

of the decedent, punitive damages, all damages recognized under law and to the

reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura,

Jr., demands judgment against Defendant Prime Floral, LLC, in an amount to be determined by

the Court to be fair and just, including interest, costs, punitive damages, all damages recognized

under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXI

### COUNT XXXII: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Prime Floral, LLC**

(203)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(204)   On or about December 14, 2016, Jose Moura, Jr. was caused to be in a terrible motor

vehicle collision by and through the actions of Defendant Prime Floral, LLC resulting in

his pain and suffering, fear of death, and ultimate demise.

(205)   Defendant Prime Floral, LLC owed Decedent Jose Moura, Jr. a duty of care including but

not limited to providing a safe workplace.

(206)   Defendant Prime Floral, LLC owed Decedent Jose Moura, Jr. a duty of care to ensure that

its independent contractors and drivers were properly qualified, capable, and trained for

their jobs.

(207)   Defendant Prime Floral, LLC breached its duty of care when the Truck, operated by

Decedent John Paul Cannon, struck another vehicle while on a highway outside of

Purcell, Oklahoma.

(208)   Defendant Prime Floral, LLC breached its duty of care when it failed to provide a safe workplace.

(209)   Defendant Prime Floral, LLC breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(210)   Defendant Prime Floral, LLC was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(211)   As a direct and proximate result of Defendant Bay Prime Floral, LLC negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(212)   As a direct and proximate result of Defendant Prime Floral, LLC, negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages

recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Prime Floral, LLC in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXII**

**COUNT XXXIII: CONSCIOUS PAIN AND SUFFERING**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Prime Floral, LLC**

(213)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(214)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(215)   As the direct and proximate result of Defendant Prime Floral, LLC's negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Prime Floral, LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXIII**

**COUNT XXXIV: RESPONDEAT SUPERIOR**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Prime Floral, LLC**

(216)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(217)   On or about December 14, 2016, Defendant Prime Floral, LLC had in its agency or service John Paul Cannon.

(218)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents, or servants is imputed to be the responsibility of Defendant Prime Floral, LLC

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Prime Floral, LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXIV

## COUNT XXXV: NEGLIGENT HIRING, TRAINING, AND SUPERVISION
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. Prime Floral, LLC

(219)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(220)   Defendant Prime Floral, LLC had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(221)   Defendant Prime Floral, LLC, knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(222)   By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul

Cannon; Defendant Prime Floral, LLC breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(223)   As a direct and proximate result of Defendant Prime Floral, LLC negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Prime Floral, LLC, in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXV

### COUNT XXXVI: NEGLIGENT ENTRUSTMENT
**Jose Moura, Sr, Personal Representative of
The Estate of Jose Moura, Jr. v. Campus, Inc.**

(224)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(225)   On or about December 14, 2016, Campus, Inc. was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(226)   As the owner, beneficiary, subsidiary, and/or affiliate of the vehicle being operated by Mr. Cannon, Campus, Inc. is responsible for the actions of its driver.

(227)   Campus, Inc. knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(228)   On or about December 14, 2016, Defendant Campus, Inc., breached its duty of care when it failed to stop John Paul Cannon from operating the Tractor Trailer, when it allowed

Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(229)   On or about December 14, 2016, Mr. Cannon caused a severe and catastrophic collision.

(230)   As further direct and proximate result of the negligence of Defendant Campus, Inc., Mr. Moura, Jr. was grievously and mortally injured.

(231)   As a result of Defendant Campus, Inc.'s actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Campus, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXVI**

**COUNT XXXVII: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Campus, Inc.**

(232)    Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(233)   On or about December 14, 2016, Jose Moura, Jr. was caused to be in a terrible motor vehicle collision by and through the actions of Defendant Campus, Inc. resulting in his pain and suffering, fear of death, and ultimate demise.

(234)   Defendant Campus, Inc. owed Decedent Jose Moura, Jr. a duty of care including but not limited to providing a safe workplace.

(235)   Defendant Campus, Inc. owed Decedent Jose Moura, Jr. a duty of care to ensure that its independent contractors and drivers were properly qualified, capable, and trained for their jobs.

(236)   Defendant Campus, Inc. breached its duty of care when the Truck, operated by Decedent John Paul Cannon, struck another vehicle while on a highway outside of Purcell, Oklahoma.

(237)   Defendant Campus, Inc. breached its duty of care when it failed to provide a safe workplace.

(238)   Defendant Campus, Inc. breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(239)   Defendant Campus, Inc. was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(240)   As a direct and proximate result of Defendant Bay Campus, Inc. negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(241)   As a direct and proximate result of Defendant Campus, Inc., negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Campus, Inc. in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXVII**

**COUNT XXXVIII: CONSCIOUS PAIN AND SUFFERING**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Campus, Inc.**

(242)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(243)   This action is brought to recover for the conscious pain and suffering of Plaintiff's Decedent Jose Moura, Jr.

(244)   As the direct and proximate result of Defendant Campus, Inc.'s negligence Jose Moura, Jr., was caused great pain and conscious suffering, including imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Campus, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXVIII**

## COUNT XXXIX: RESPONDEAT SUPERIOR
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Campus, Inc.**

(245)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(246)   On or about December 14, 2016, Defendant Campus, Inc. had in its agency or service John Paul Cannon.

(247)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents, or servants is imputed to be the responsibility of Defendant Campus, Inc.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura, Jr., demands judgment against Defendant Campus, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XXXIX**

## COUNT XL: NEGLIGENT HIRING, TRAINING, AND SUPERVISION
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. Campus, Inc.**

(248)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(249)   Defendant Campus, Inc. had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(250)   Defendant Campus, Inc., knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(251)   By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul Cannon; Defendant Campus, Inc. breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(252)   As a direct and proximate result of Defendant Campus, Inc. negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant Campus, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XL**

**COUNT XLI: NEGLIGENT ENTRUSTMENT**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. L.H.P. Transportation Services, Inc.**

(253)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(254)   On or about December 14, 2016, L.H.P. Transportation Services, Inc. was the owner, beneficiary, subsidiary and/or affiliate of a Tractor Trailer being operated by John Paul Cannon.

(255) As the owner, beneficiary, subsidiary, and/or affiliate of the vehicle being operated by Mr. Cannon, L.H.P. Transportation Services, Inc. is responsible for the actions of its driver.

(256) L.H.P. Transportation Services, Inc. knew or should have known that its independent contractor John Paul Cannon was unfit to safely operate its vehicle.

(257) On or about December 14, 2016, Defendant L.H.P. Transportation Services, Inc., breached its duty of care when it failed to stop John Paul Cannon from operating the Tractor Trailer, when it allowed Mr. Moura to ride along with an unsafe driver, and when it placed its trust in an unfit driver.

(258) On or about December 14, 2016, Mr. Cannon caused a severe and catastrophic collision.

(259) As further direct and proximate result of the negligence of Defendant L.H.P. Transportation Services, Inc., Mr. Moura, Jr. was grievously and mortally injured.

(260) As a result of Defendant L.H.P. Transportation Services, Inc.'s actions and inactions, Mr. Moura's family, loved ones, and next of kin were deprived of the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant L.H.P. Transportation Services, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLI**

## COUNT XLII: WRONGFUL DEATH, M.G.L. 229 § 2, ET. SEQ
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. L.H.P. Transportation Services, Inc.

(261)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(262)   On or about December 14, 2016, Jose Moura, Jr. was caused to be in a terrible motor vehicle collision by and through the actions of Defendant L.H.P. Transportation Services, Inc. resulting in his pain and suffering, fear of death, and ultimate demise.

(263)   Defendant L.H.P. Transportation Services, Inc. owed Decedent Jose Moura, Jr. a duty of care including but not limited to providing a safe workplace.

(264)   Defendant L.H.P. Transportation Services, Inc. owed Decedent Jose Moura, Jr. a duty of care to ensure that its independent contractors and drivers were properly qualified, capable, and trained for their jobs.

(265)   Defendant L.H.P. Transportation Services, Inc. breached its duty of care when the Truck, operated by Decedent John Paul Cannon, struck another vehicle while on a highway outside of Purcell, Oklahoma.

(266)   Defendant L.H.P. Transportation Services, Inc. breached its duty of care when it failed to provide a safe workplace.

(267)   Defendant L.H.P. Transportation Services, Inc. breached its duty of care when they empowered, requested, and required Defendant John Paul Cannon, among other independent contractors, to act outside of their training, skill level, qualifications, abilities, and scope of engagement.

(268)   Defendant L.H.P. Transportation Services, Inc. was negligent and/or grossly negligent when it acted without due care or regard and/or with a reckless, wanton and willful

manner by among other things, though not limited to, failing to provide a safe workplace, failing to ensure that independent contractors were properly qualified and trained for their jobs, failing to properly train independent contractors, failing to properly supervise independent contractors, failing to warn Plaintiff Decedent Jose Moura, Jr. of his mortal peril, failing to protect Plaintiff Decedent Jose Moura, Jr. from mortal peril, failing to ensure that its equipment was in proper working order, and failing to ensure that it was using the proper equipment for the job site.

(269)   As a direct and proximate result of Defendant Bay L.H.P. Transportation Services, Inc. negligence and/or gross negligence, Decedent Jose Moura, Jr. was caused to suffer mortal fear of death, conscious pain, and suffering, and ultimately to perish.

(270)   As a direct and proximate result of Defendant L.H.P. Transportation Services, Inc., negligence and/or gross negligence, the next of kin of Decedent Jose Moura, Jr. are entitled to the fair monetary value of the decedent, including but not limited to compensation for the loss of reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, all damages recognized under law and to the reasonable medical, funeral, and burial expenses incurred.

WHEREFORE, pursuant to M.G.L. c. 229 § 2 et. seq., Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant L.H.P. Transportation Services, Inc. in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLII

## COUNT XLIII: CONSCIOUS PAIN AND SUFFERING
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. L.H.P. Transportation Services, Inc.

(271)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(272)   This action is brought to recover for the conscious pain and suffering of Plaintiff's

Decedent Jose Moura, Jr.

(273)   As the direct and proximate result of Defendant L.H.P. Transportation Services, Inc.'s

negligence Jose Moura, Jr., was caused great pain and conscious suffering, including

imminent fear of death, up to the moment of his demise.

WHEREFORE, Plaintiff Jose  Moura, Sr., Personal Representative of the Estate of Jose  Moura,

Jr., demands judgment against Defendant L.H.P. Transportation Services, Inc., in an amount to

be determined by the Court to be fair and just, including interest, costs, punitive damages, all

damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLIII

## COUNT XLIV: RESPONDEAT SUPERIOR
### Jose Moura, Sr, Personal Representative of
### The Estate of Jose Moura, Jr. v. L.H.P. Transportation Services, Inc.

(274)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out

separately herein.

(275)   On or about December 14, 2016, Defendant L.H.P. Transportation Services, Inc. had in

its agency or service John Paul Cannon.

(276)   Pursuant to the doctrine of Respondent Superior, all negligence committed by its agents,

or servants is imputed to be the responsibility of Defendant L.H.P. Transportation

Services, Inc.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant L.H.P. Transportation Services, Inc., in an amount to be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLIV**

**COUNT XLV: NEGLIGENT HIRING, TRAINING, AND SUPERVISION**
**Jose Moura, Sr, Personal Representative of**
**The Estate of Jose Moura, Jr. v. L.H.P. Transportation Services, Inc.**

(277)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(278)   Defendant L.H.P. Transportation Services, Inc. had a duty exercise reasonable care in the hiring, training, and supervision of its agents, servants, and/or independent contractors.

(279)   Defendant L.H.P. Transportation Services, Inc., knew or should have known that Defendant John Paul Cannon, among other agents, servants, and/or independent contractors, lacked proper skills and training and was unfit and unable to safely and properly perform his job on or about December 14, 2016.

(280)   By failing to take reasonable measures in properly hiring, training, and supervising its agents, servants, and or independent contractors including but not limited to John Paul Cannon; Defendant L.H.P. Transportation Services, Inc. breached its duty of care to Plaintiff Decedent Jose Moura, Jr.

(281)   As a direct and proximate result of Defendant L.H.P. Transportation Services, Inc. negligent hiring, training, and supervision of John Paul Cannon, Plaintiff Decedent Jose Moura, Jr. was caused to suffer and ultimately perish.

WHEREFORE, Plaintiff Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., demands judgment against Defendant L.H.P. Transportation Services, Inc., in an amount to

be determined by the Court to be fair and just, including interest, costs, punitive damages, all damages recognized under law and attorney's fees as may apply.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLV

### COUNT XLVI: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of
Minor Plaintiff, A. M. v. Success Leasing, Inc.**

(282)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(283)   As a direct and proximate result of the negligence of the Defendant Success Leasing, Inc., Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

## PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT XLVI

### COUNT XLVII: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of
Minor Plaintiff, C. M. v. Success Leasing, Inc.**

(284)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(285)   As a direct and proximate result of the negligence of the Defendant Success Leasing, Inc., Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLVII

### COUNT XLVIII: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of
Minor Plaintiff, J. M. v. Success Leasing, Inc.**

(286)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(287)   As a direct and proximate result of the negligence of the Defendant Success Leasing, Inc., Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLVIII

### COUNT XLIX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**Lori Turner, Individually v. Success Leasing, Inc.**

(288)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(289)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(290)   At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to and breached that duty through their conduct as alleged above.

(291)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant Success Leasing, Inc.'s conduct, which caused physical harm manifested by objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT XLIX

### COUNT L: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v. EcoTire Treading Co, Inc.**

(292)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(293)   As a direct and proximate result of the negligence of the Defendant EcoTire Treading Co, Inc., Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

## PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT L

### COUNT LI: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. EcoTire Treading Co, Inc.**

(294)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(295)   As a direct and proximate result of the negligence of the Defendant EcoTire Treading Co, Inc., Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LI**

**COUNT LII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v. EcoTire Treading Co, Inc.**

(296)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(297)   As a direct and proximate result of the negligence of the Defendant EcoTire Treading Co, Inc., Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LII**

**COUNT LIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Lori Turner, Individually v. EcoTire Treading Co, Inc.**

(298)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(299)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent

jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged

herein derive from a common nucleus of operative facts and are such that a litigant would

be required to try them all in a single proceeding.

(300)   At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to

and breached that duty through their conduct as alleged above.

(301)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant EcoTire

Treading Co, Inc.'s conduct, which caused physical harm manifested by objective

symptomatology which a reasonable person would have suffered under the circumstances

of this case.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LIII

### COUNT LIV: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v. Wolverine Land Holdings, LLC**

(302)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out

separately herein.

(303)   As a direct and proximate result of the negligence of the Defendant Wolverine Land

Holdings, LLC, Minor Plaintiff A. M. has been deprived of the reasonably expected

services, protections, care, assistance, society, companionship, comfort, guidance,

counsel, advice of the decedent, punitive damages, and all damages recognized under

law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of

consortium, in a sum to be determined by the trial of this action, plus interest and cost as

provided by law.

## PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT LIV

**COUNT LV: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. Wolverine Land Holdings, LLC**

(304)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(305)   As a direct and proximate result of the negligence of the Defendant Wolverine Land Holdings, LLC, Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LV**

**COUNT LVI: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v. Wolverine Land Holdings, LLC**

(306)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(307)   As a direct and proximate result of the negligence of the Defendant Wolverine Land Holdings, LLC, Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LVI

### COUNT LVII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Lori Turner, Individually v. Wolverine Land Holdings, LLC

(308)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(309)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(310)   At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to and breached that duty through their conduct as alleged above.

(311)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant Wolverine Land Holdings, LLC's conduct, which caused physical harm manifested by objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

### PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LVII

### COUNT LVIII: LOSS OF CONSORTIUM
### Lori Turner, as Parent and Next Friend of
### Minor Plaintiff, A. M. v. Prime Floral, LLC

(312)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(313)   As a direct and proximate result of the negligence of the Defendant Prime Floral, LLC, Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

## PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT LVIII

### COUNT LIX: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. Prime Floral, LLC**

(314)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(315)   As a direct and proximate result of the negligence of the Defendant Prime Floral, LLC, Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LIX

### COUNT LX: LOSS OF CONSORTIUM
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v. Prime Floral, LLC**

(316)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(317)  As a direct and proximate result of the negligence of the Defendant Prime Floral, LLC, Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LX**

**COUNT LXI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Lori Turner, Individually v. Prime Floral, LLC**

(318)  Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(319)  The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(320)  At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to and breached that duty through their conduct as alleged above.

(321)  Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant Prime Floral, LLC's conduct, which caused physical harm manifested by objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXI**

**COUNT LXII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**

**Minor Plaintiff, A. M. v. Campus, Inc.**

(322)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(323)   As a direct and proximate result of the negligence of the Defendant Campus, Inc., Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT LXII**

**COUNT LXIII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. Campus, Inc.**

(324)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(325)   As a direct and proximate result of the negligence of the Defendant Campus, Inc., Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXIII**

**COUNT LXIV: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**

**Minor Plaintiff, J. M. v. Campus, Inc.**

(326)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(327)   As a direct and proximate result of the negligence of the Defendant Campus, Inc., Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

## PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXIV

## COUNT LXV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**Lori Turner, Individually v. Campus, Inc.**

(328)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(329)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(330)   At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to and breached that duty through their conduct as alleged above.

(331)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant Campus, Inc.'s conduct, which caused physical harm manifested by objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXV**

**COUNT LXVI: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, A. M. v. L.H.P. Transportation Services, Inc.**

(332)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(333)   As a direct and proximate result of the negligence of the Defendant L.H.P. Transportation Services, Inc., Minor Plaintiff A. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF  DEMANDS A JURY TRIAL AS TO COUNT LXVI**

**COUNT LXVII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, C. M. v. L.H.P. Transportation Services, Inc.**

(334)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(335)   As a direct and proximate result of the negligence of the Defendant L.H.P. Transportation Services, Inc., Minor Plaintiff C. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXVII**

**COUNT LXVIII: LOSS OF CONSORTIUM**
**Lori Turner, as Parent and Next Friend of**
**Minor Plaintiff, J. M. v. L.H.P. Transportation Services, Inc.**

(336)   Plaintiff repeats, re-alleges, and reiterates each and every prior paragraph, as if laid out separately herein.

(337)   As a direct and proximate result of the negligence of the Defendant L.H.P. Transportation Services, Inc., Minor Plaintiff J. M. has been deprived of the reasonably expected services, protections, care, assistance, society, companionship, comfort, guidance, counsel, advice of the decedent, punitive damages, and all damages recognized under law.

WHEREFORE, the Plaintiff prays judgment and damages against the Defendant for her loss of consortium, in a sum to be determined by the trial of this action, plus interest and cost as provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXVIII**

**COUNT LXIX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Lori Turner, Individually v. L.H.P. Transportation Services, Inc.**

(338)   Plaintiff repeats, re-alleges, and reiterated each and every prior paragraph, as if laid out separately herein.

(339)   The Plaintiff invokes the jurisdiction of this Court under the principles of pendent jurisdiction, the plaintiff hereby alleging that this claim and the federal claims alleged

herein derive from a common nucleus of operative facts and are such that a litigant would be required to try them all in a single proceeding.

(340)   At all times herein mentioned the defendants owed Plaintiff Lori Turner a duty of care to and breached that duty through their conduct as alleged above.

(341)   Plaintiff Lori Turner sustained emotional distress, as a direct result of Defendant L.H.P. Transportation Services, Inc.'s conduct, which caused physical harm manifested by objective symptomatology which a reasonable person would have suffered under the circumstances of this case.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO COUNT LXIX**

Respectfully Submitted,
Plaintiff,
By his Attorneys,

/s/ Matthieu J. Parenteau, Esq.

_____
Donald R. Grady
BBO# 544841
Matthieu J. Parenteau
BBO# 679941
10 Tremont Street, 7th Floor
Boston, Massachusetts 02108
(P) 617.227.7000
(F) 617.227.8833
DGrady@shefflaw.com
MParenteau@shefflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Matthieu J. Parenteau, hereby certify that on November 9, 2018, a true and correct copy of this document was sent to filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first-class mail to all non-registered participants, if any.

The following non-registered participants were served via U.S. Mail:

Steve Crawford
Registered Agent
Success Leasing, Inc.
2740 N. Mayfair
Springfield, MO 65803

Steve Crawford
Registered Agent
Prime Floral, LLC
2740 N. Mayfair
Springfield, MO 65803

Steve Crawford
Registered Agent
EcoTire Treading, Co, LLC
2740 N. Mayfair
Springfield, MO 65803

Steve Crawford
Registered Agent
Campus, Inc.
2740 N. Mayfair
Springfield, MO 65803

Steve Crawford
Registered Agent
Wolverine Land Holdings, LLC
2740 N. Mayfair
Springfield, MO 65803

Steve Crawford
Registered Agent
L.H.P. Transportation Se4rvices, Inc.
2740 N. Mayfair
Springfield, MO 65803

/s/ Matthieu J. Parenteau

_____

Matthieu J. Parenteau