## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSE MOURA, SR., PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE MOURA, JR., LORI TURNER, AS PARENT AND NEXT FRIEND OF MINOR PLAINTIFFS A.M., C. M., AND J. M., LORI TURNER, INDIVIDUALLY** | **CIVIL ACTION NO: 17 – 40166** |
| **PLAINTIFFS,** **V.** | **PLAINTIFF'S BRIEF IN SUPPORT OF THE MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND REFORM OR REMOVE OBJECTIONS FROM RESPONSES OF DEFENDANTS NEW PRIME, INC., AND BARBARA CANNON, ADMINISTRATOR OF THE ESTATE OF JOHN PAUL CANNON** |
| **NEW PRIME, INC., BARBARA CANNON, ADMINSTRATOR OF THE ESTATE OF JOHN PAUL CANNON, SUCCESS LEASING, INC.; ECOTIRE TREADING, CO, LLC; WOLVERINE LAND HOLDINGS, LLC; PRIME FLORAL, LLC.; CAMPUS, INC., and L.H.P. TRANSPORTATION SERVICES, INC.** | |
| **DEFENDANTS.** | |

NOW COMES Plaintiff, Jose Moura, Sr., Personal Representative of the Estate of Jose Moura, Jr., and respectfully requests this Honorable Court order Defendants New Prime, Inc., and Barbara Cannon, Administrator of the Estate of John Paul Cannon to reform or remove improper objections and to produce certain documents identified in Plaintiff's requests to Defendant New Prime, Inc. numbered 25, 31, and 32; Second Requests to Defendant New Prime numbered 1, 2, 3, 4, 5, 6, 7, and 8; to Defendant Barbara Cannon, Administrator of the Estate of John Paul Cannon, in Plaintiff's First Request numbered 7, 8, 20, 21, 24, and to compel the response to Plaintiff's Second Request for Production of Documents.

As grounds therefore:

(1) Plaintiff has detailed the documents requested and expected in response, and Defendants have failed to comply with these requests and the Federal Rules of Civil Procedure.

(2) Defendants have failed to comply with discovery timelines of both the Federal Rules and by agreement.

## LITIGATION AND DISCOVERY TO DATE

This matter is familiar to this Court. The litigation arises out of a Tractor Trailer collision in Purcell, Oklahoma on December 14, 2016. Plaintiff Decedent Moura perished on December 20, 2016, as a result of injuries sustained in that collision. Plaintiff filed suit in this matter on December 14, 2017 in this Court. Docket #1. Defendant New Prime moved to Dismiss for lack of Jurisdiction on March 28, 2018. Docket No. 9. After a series of briefs, this Court denied Defendant's Motion to Dismiss on October 9, 2018. Docket No. 33.

Plaintiff served paper discovery on Defendant New Prime, Inc. and Barbara Cannon on April 12, 2019, and on Defendant Success Leasing on June 19, 2019. Defendant New Prime, and Barbara Cannon responded to Plaintiff's Discovery on Aust 22, 2019, and Defendant Success Leasing responded on September 27, 2019.

Plaintiff took the 30b6 Deposition of New Prime, Inc., Success Leasing and witness dispatcher Steven Field on December 19, 2019 in Boston, Massachusetts. Plaintiff took the deposition of New Prime witnesses Travis Bacon, Darrel Hopkins, and James Guthrie on February 12, 2020 in Springfield, Missouri. Notably, at each of those deposition, counsel insisted on the next deponent sitting in the deposition room during the prior deposition, insisting that a deposition was a public event. On May 8, 2020, Plaintiff took the Deposition of Defendant Barbara Cannon.

## <u>COMPLIANCE WITH L.R. 37.1(b)</u>

In compliance with L.R. 37.1(b) Plaintiff states the following:

On April 28, 2020, immediately following the deposition of Barbara Cannon, the parties had a discussion regarding Plaintiff's issues with the requests for production of documents. Plaintiff has additionally requested such conferences and/or updates on discovery in writing on February 21, March 5, March 16, April 16, May 4, May 11, May 15, May 22, and May 26, 2020.

During the Discovery conference on April 28, 2020 and shortly afterwards, Defense Counsel indicated that the Objections to New Prime's Second Request for Production of Documents were form in nature, and overused, and agreed to seek and potentially provide supplemental documents. To date there has been one supplementation, on May 20, 2020, providing only some of the documents requested (Plaintiff Decedent Jose Moura Jr.'s entire Driver Log and three pages of Mr. Moura's onboarding banking information). There have been promises of further production, including responses to Plaintiff's Second Request for Production of Documents to Defendant Barbara Cannon. To date these documents have not been produced.

## <u>ISSUES WITH DISCOVERY - GENERALLY</u>

Immediately following the deposition of Barbara Cannon on April 28, 2020, plaintiff had discussion with Counsel for Defendants regarding New Prime, Inc.', Defendant Success Leasing, and Defendant Barbara Cannon's discovery responses. Plaintiff had previously sought information on New Prime's discovery on February 21, 2020 (letter), March 5 (email), March 16 (email – a date identified by counsel as a date of production) and on April 16, 2020. Plaintiff also identified and detailed the issues with the discovery in letters on May 11, 2020, May 15, 2020, and May 22, 2020. **Exhibit 1:** Discovery Correspondence (No Attachments). To date plaintiff

has received a modest supplementation that does not address the scope of the issues. Counsel has stated that more documents may be forthcoming.

On April 23, 2020, Defendant New Prime produced a response to Plaintiff's Second Request. In this response (as detailed more thoroughly below) defendant provided no documents and identical objections. Defendant Barbara Cannon has yet to respond to Plaintiff's second requests.

Contractual language produced by the Defendants to date states that Plaintiff Decedent Jose Moura, Jr. was "at all times to be deemed to be and shall be employed by Prime only." **Exhibit 2**: Personnel Service Agreement, pg. 1, §1(b). Defendants New Prime and Success Leasing have taken the position that regardless of this contractual language Plaintiff Decedent Moura was employed by both Defendant Decedent Cannon and New Prime. Documents proving to support to disprove this fact are critical to this matter.

Prior to the deposition of Barbara Cannon, Plaintiff was unaware that Defendant Decedent John Cannon had previously run BCC Enterprises, LLC, to conduct business with New Prime, Inc. and Success Leasing. Numerous document requests would capture this relationship and documents related to it. Additionally, for the first time in this litigation, Plaintiff learned that Mr. Cannon had a long history of using Trainee drivers from Prime, Inc. Documents detailing these relationships, the same or similar relationship Mr. Cannon had with Mr. Moura, are critical to this matter.

At her deposition of April 28, 2020, Ms. Cannon stated that she had destroyed test messages and pictures within the last year, after she was served with a summons putting her on notice of this lawsuit. Further, this destruction of evidence was done potentially following the service of Requests for Production of Documents. **Exhibit 3:** Deposition of Barbara Cannon.

4

Because of the delay in supplementation and the improper withholding of critically important documents, it is possible that Plaintiff will need to seek further deposition testimony beyond the fact discovery deadline that now exists.

Details as to each discovery request, response, and Plaintiff's argument follow below.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NEW PRIME, INC.

**See: Exhibit 4:** Defendant New Prime Inc's Response to Plaintiff's Request for Production of Documents.

Request No. 25
Any and all documents, including but not limited to payroll records, tax records, leasing agreements, contracts, accounting records, bookkeeping records, time clock punch cards, assignment lists, assignment logs, personal services agreement, second seat driver agreement, driving logs, assignments records and any other records related to Defendant Decedent John Paul Cannon in the possession, custody or control of Defendant New Prime, Inc.

Objection to Request No. 25
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b )(3 ). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 25
See attached documents.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's document requests, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. The history of a Defendant Cannon's relationship to Defendant New Prime is also not overbroad, burdensome or not calculated to lead to admissible evidence. The objection needs to be removed.

Defendants allege that Mr. Cannon and Mr. Moura had an employee/employer relationship, despite contractual language stating the exact opposition. No documents

showing Mr. Cannon's extensive history with the company, including prior leases, prior

independent contractor agreement, leased driver agreements, or second seat driver

agreements, were produced. Ms. Cannon testified to the existence of many of these

documents. There would also be an expectation of documents reflecting the interactions

with BCC Enterprises, LLC. These documents may serve to further disprove Defendant's

assertions. These documents should be supplemented to the Plaintiff immediately.

**Request No. 31**
All documents of any kind, including but not limited to notes, pay stubs, bonuses, memoranda, contracts, emails, photographs, specific training, requirements, certifications, tests or writings of any kind between Defendant Decedent John Paul Cannon and Defendant New Prime regarding the training of a trainee driver by John Paul Cannon in the 10 years prior to December 14, 2016 to present.


**Objection to Request No. 31**
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

**Answer to Request No. 31**
See attached documents.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response

to Plaintiff's document requests, thus it is not possible to see what documents requests are

attorney-client, work product or trial preparation related. The history of a Defendant Cannon's

relationship to Defendant New Prime, and his relationship to trainee drivers is also not

overbroad, burdensome or not calculated to lead to admissible evidence. This is especially true

given the defense asserted. Defendant has put forth the theory that Mr. Moura was

simultaneously employed by New Prime, Inc. and independent contractor John Cannon. To

date, there has been no testimony recalling even the existence of such a document, nor a

document produced that in any way confirms this fact. The only document regarding the

status of a trainee driver in relation to John Cannon reads: "Drivers [*Jose Moura Jr*] shall at

all times be deemed to be and shall be employed by Prime only." Exhibit 2: Personal

Service Agreement, September 8, 2016.

In the original production and to date, there has been no documentation of these prior

trainee drivers produced. Plaintiff only became aware of their existence when Defendant Barbara

Cannon testified to the existence of these individuals. Notably, Defendant Barbara Cannon is the

only witness not in the direct employ of a corporate defendant in this matter. The objection needs

to be removed and the documents should be supplemented immediately.


**Request No. 32**
All documents of any kind, including but not limited to notes, pay stubs, bonuses, memoranda,
contracts, emails, photographs, specific training, requirements, certifications, tests or writings of
any kind between Defendant Decedent John Paul Cannon and Defendant New Prime regarding
the training of plaintiff decedent Jose Moura, Jr.

**Objection to Request No. 32**
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not
reasonably calculated to lead to the discovery of admissible evidence, and seeks information
protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed.
R. Civ. P. 26(b )(3). Subject to and without waiving this objection, New Prime answers as
follows:

**Answer to Request No. 32**
See attached documents.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response

to Plaintiff's document requests, thus it is not possible to see what documents requests are

attorney-client, work product or trial preparation related. The history of a Defendant Cannon's

relationship to Defendant New Prime is also not overbroad, burdensome or not calculated to lead

to admissible evidence. The objection needs to be removed.

While some responsive documentation has been produced, there has been no writing of

any kind that demonstrates in any way that Mr. Moura was under the employee of Mr. Cannon.

Should that document exist, it should be supplemented here.

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NEW PRIME, INC.

**See: Exhibit 5:** Defendant New Prime's Response to Plaintiff's Second Request for Production of Documents.

As a threshold matter, no documents were produced in response to Plaintiff's Second

Request for Production of Documents. Each and every objection and response is the same to all

requests. Plaintiff's lists the identical objection and response here and references them as to all

request arguments. The objection and response to all eight requests is as follows:

**Objection 1 – 8**
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

**Response 1 – 8**
Defendant will produce any responsive and discoverable documents which have not previously been produced by Prime in its possession, custody or control for inspection by Plaintiffs.

Plaintiff states the details as to each document below.

**Request No. 1**
True and accurate copies of any and all documents signed by Plaintiff Decedent Jose Moura, Jr. during the course of his relationship with New Prime, Inc.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response

to Plaintiff's second document request, thus it is not possible to see what documents requests are

8

attorney-client, work product or trial preparation related. It is not clear as to what documents signed by Plaintiff Decedent could possibly be protected from discovery by these privileges. All specific documents signed by is also not overbroad, burdensome or not calculated to lead to admissible evidence. The objection needs to be removed and the Defendant should either supplement the response or state that it has produced all documents in its possession, custody, and control.

**Request No. 2**
True and accurate copies of all driver logs, dispatch logs or records, load records, schedules, or any other recording of the routes, distances, deliveries, stops, communications, or areas traveled by Mr. Jose Moura, Jr. from August 2016 thru the date of the collision.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. It is not clear as to what documents detailing the travels and work of Plaintiff Decedent could be protected from discovery by these privileges. All specific documents detailing Mr. Moura's travel is also not overbroad, burdensome or not calculated to lead to admissible evidence. These documents are kept in the regular course of business. In many instances, these are the documents needed for the Defendants to get paid for their work and services. The objection needs to be removed.

Some documentation related to this has been produced and recently supplemented by the Defendant. However, Plaintiff would expect to see further documentation, including but not limited to all bills of lading, fuel logs, and qualcom communications.[1] The Defendant should supplement this response.

---

[1] "Qualcom Communications" refers to the specific dispatch communication device used by New Prime, Inc. to communicate with its respective trucks. Two days of that communication have been produced to date, out of the several months of time responsive to this request.

**Request No. 3**
True and accurate copies of all driver logs, dispatch logs or records, load records, schedules, or any other recording of the routes, distances, deliveries, stops, communications, or areas traveled by Mr. John Cannon from August 2016 thru the date of the collision.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. It is not clear as to what documents detailing the travels and work of Defendant Decedent could be protected from discovery by these privileges. All specific documents detailing Mr. Cannon's travel is also not overbroad, burdensome or not calculated to lead to admissible evidence. These documents are kept in the regular course of business. In many instances, these are the documents needed for the Defendants to get paid for their work and services. The objection needs to be removed.

**Request No. 4**
True and accurate exemplar copies of all standard materials, training manuals, contracts, employment handbooks, advertisements, promotional materials, or any other correspondence, writing, or email provided to, prepared for, issued to, or emailed to New Prime Trainee Drivers or individuals interested in becoming New Prime Trainee Drivers as of:
  (a) August 2016
  (b) Present Day

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. It does not seem reasonable that the requested documents would be covered by the privileges claimed. These documents would detail the relationship between New Prime and Mr. Moura (or any other trainee driver) and potentially between Mr. Moura and Mr. Cannon. These documents are produced and kept within the regular course of business. The request is not overbroad, burdensome, or not calculated to lead to

admissible evidence. The objection needs to be removed and the Defendant should produce the requested documents.

**Request No. 5**
True and accurate copies of all documents, contracts, leases, agreements, lease files, operating agreements, independent contractor agreements, training agreements, or any other such writing exchanged between Defendant New Prime or any other Defendant and Mr. John Cannon during the course of his entire relationship with Defendant New Prime, Inc.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. It does not seem reasonable that the requested documents would be covered by the privileges claimed. These documents would detail the relationship between New Prime and Mr. Cannon for the entirety of their relationship. These documents may show the standard of business, and provide further light on the specific relationships between all parties. given the defense asserted.

Defendant has put forth the theory that Mr. Moura was simultaneously employed by New Prime, Inc. and independent contractor John Cannon. To date, there has been no testimony recalling even the existence of such a document, nor a document produced that in any way confirms this fact. The only document regarding the status of a trainee driver in relation to John Cannon reads: "Drivers [*Jose Moura Jr*] shall at all times be deemed to be and shall be employed by Prime only." **Exhibit 2:** Personal Service Agreement, September 8, 2016.

These documents are produced and kept within the regular course of business. The request is not overbroad, burdensome, or not calculated to lead to admissible evidence. The objection needs to be removed and the Defendant should produce the requested documents.

**Request No. 6**
True and accurate copies of all documents, contracts, leases, agreements, lease files, operating agreements, independent contractor agreements, training agreements, or any other such writing exchanged between Defendant New Prime or any other Defendant and Mr. Jose Moura, Jr. during the course of his entire relationship with Defendant New Prime, Inc.

**Argument**

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. It does not seem reasonable that the requested documents would be covered by the privileges claimed. These documents would detail the relationship between New Prime and Mr. Moura and potentially between Mr. Moura and Mr. Cannon. These documents are produced and kept within the regular course of business. The request is not overbroad, burdensome, or not calculated to lead to admissible evidence. The objection needs to be removed and the Defendant should produce the requested documents.

**Request No. 7**
True and accurate copies of all communications, documents, and/or pleadings including interrogatories and document responses with attached documents, exchanged between Defendant New Prime and/or its representatives or attorneys with any other party including their agents, affiliates, attorneys, legal representatives, and/or persons acting on their behalf in the matter of RAMON RODRIGUEZ, PLAINTIFF, vs. NEW PRIME, INC., PRIME, INC. A/K/A PRIME, SABAHUDINE BUKVIC and SNL DISTRIBUTION SERVICES CORPORATION, DEFENDANTS, in the District Court, 393rd Judicial District, Denton County Texas, Cause No. DC-17-8579-393.

*Argument*

For context, the lawsuit referenced in Request No. 7 and Request No. 8 arose out of the accident of December 14, 2016. This litigation has been resolved by Defendant New Prime.

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. Pleadings, answers to interrogatories,

documents responses, and depositions given or signed by New Prime in the companion matter are relevant to this matter. These are documents or responses given under oath that involve the same circumstances as that which this case arises from. The documents are clearly relevant, responsive, and potentially admissible evidence in this matter. Plaintiff acknowledges that the claim of work product, attorney-client, and/or trial preparation may apply to some, though clearly not to all, responsive documents. If there are claims of privilege, those documents need to be identified and a privilege log produced.

Defendant should remove the objection or provide a privilege log. Further, Defendant should supplement the responses to provide the requested documents.

**Request No. 8**
Any and all releases signed, proffered, or honored by Defendant New Prime, Inc., Prime, Inc. A/K/A Prime concerning the matter of RAMON RODRIGUEZ, PLAINTIFF, vs. NEW PRIME, INC., PRIME, INC. A/K/A PRIME, SABAHUDINE BUKVIC and SNL DISTRIBUTION SERVICES CORPORATION, DEFENDANTS, in the District Court, 393rd Judicial District, Denton County Texas, Cause No. DC-17-8579-393.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's second document request, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related.  Request No. 8 seeks information regarding the settlement of the claims asserted in Mr. Rodriguez's case. The parties are already litigating this case under a confidentiality agreement. As such any claims of confidentiality regarding those settlements should be set aside through the labelling of a settlement and its respective terms "confidential." Further, it is our understanding that Defendant New Prime, Success Leasing, and/or John Cannon have a $3,000,000.00 (Three Million Dollar) Self-Insured Retention ("SIR"). If this SIR has already been reduced, it is critical for plaintiff to be made aware, so as to understand the entities involved in this

matter.  These are documents or responses given under oath that involve the same circumstances as that which this case arises from. The documents are relevant, responsive, and potentially admissible evidence in this matter. Plaintiff acknowledges that the claim of work product, attorney-client, and/or trial preparation may apply to some, though clearly not to all, responsive documents. If there are claims of privilege, those documents need to be identified and a privilege log produced.

## PLAINTIFF'S REQUEST TO DEFENDANT BARBARA CANNON, ADMINISTRATOR OF THE ESTATE OF JOHN PAUL CANNON

In Defendant Barbara Cannon, Administrator of the Estate of John Paul Cannon's response, all objections are the same. Following the identical objections, the responses differed. Notably, Defendant Cannon produced no documents. A copy of Defendant Cannon's document response is attached here as **Exhibit 6.**

**STANDARD OBJECTION**
Cannon objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, Cannon answers as follows:

Request No. 7
All documents pertaining to or showing any and all communications between New Prime and Mr. Cannon regarding their contract agreement including but not limited to copies of all emails, text messages, voice messages, or any other communication made by any other means and any transcription of any communication.

**Standard Objection**

**Response No. 7**
Cannon states that she has not located any responsive documents within her possession, custody, and/or control. As discovery is ongoing, Cannon reserves the right to supplement this response.

*Argument*

Defendant's objection is misplaced. The documentation in the possession, custody and control of Defendant Cannon between New Prime in its capacity as Mr. Cannon's workers comp

insurer may be relevant and responsive and may lead to the discovery of admissible evidence.

Ms. Cannon would be expected to have these documents or be capable of retrieving this

documentation. Further, these documents may disclose party admissions regarding liability or

damages. There was no privilege log produced in response to Plaintiff's second document

request, thus it is not possible to see what documents requests are attorney-client, work product

or trial preparation related.

Defendant Barbara Cannon testified that she destroyed text messages and photos from

Mr. Cannon. Exhibit XX. These documents may have included responsive materials. If no such

documents exist, the objection should be removed and the Defendant should state she has no

such documents.

**Request No. 8**
All documents pertaining to or showing any and all communications between Plaintiff
Decedent Jose Moura, Jr. and Defendant Decedent John Paul Cannon including but not limited to
copies of all emails, text messages, voice messages, or any other communication made by any
other means and any transcription of any communication.

**Standard Objection**

**Response No. 8**
Cannon states that she has not located any responsive documents within her possession, custody,
and/or control. As discovery is ongoing, Cannon reserves the right to supplement this response.

*Argument*

Defendant's objection is misplaced. Statements of either Plaintiff Decedent or Defendant

Decedent relative to their relationship are critically important to the matter at hand. There was no

privilege log produced in response to Plaintiff's document request, thus it is not possible to see

what documents requests are attorney-client, work product or trial preparation related. Defendant

Barbara Cannon testified that she destroyed text messages and photos from Mr. Cannon.

Exhibit 3. These documents may have included responsive materials. If no such documents exist, the objection should be removed and the Defendant should state she has no such documents.

**Request No. 20**
Each and every contract between Defendant Decedent John Paul Cannon and New Prime for five years preceding the Incident.

**Standard Objection**
**Answer to Request No. 20**
Cannon states that she has not located any responsive documents within her possession, custody, and/or control. As discovery is ongoing, Cannon reserves the right to supplement this response.

*Argument*
        Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's document requests, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. The history of a Defendant Cannon's relationship to Defendant New Prime is also not overbroad, burdensome or not calculated to lead to admissible evidence. The objection needs to be removed.

        Defendants allege that Mr. Cannon and Mr. Moura had an employee/employer relationship, despite contractual language stating the exact opposition. No documents showing Mr. Cannon's extensive history with the company, including prior leases, prior independent contractor agreement, leased driver agreements, or second seat driver agreements, were produced. Ms. Cannon testified to the existence of many of these documents. There would also be an expectation of documents reflecting the interactions with BCC Enterprises, LLC. These documents may serve to further disprove Defendant's assertions. These documents should be provided to the Plaintiff immediately. If no such documents exist, the same should be stated.

**Request No. 21**
Each and every contract between Defendant Decedent John Paul Cannon and New Prime, or any of its subsidiaries, for five years preceding the Incident.

**Standard Objection**

**Answer to Request No. 21**
Cannon states that she has not located any responsive documents within her possession, custody, and/or control. As discovery is ongoing, Cannon reserves the right to supplement this response.

*Argument*

Defendant's objections are misplaced. There was no privilege log produced in response to Plaintiff's document requests, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. The history of a Defendant Cannon's relationship to Defendant New Prime and its subsidiaries is not overbroad, burdensome or not calculated to lead to admissible evidence. The objection needs to be removed.

Defendants allege that Mr. Cannon and Mr. Moura had an employee/employer relationship, despite contractual language stating the exact opposition. No documents showing Mr. Cannon's extensive history with the company, including prior leases, prior independent contractor agreement, leased driver agreements, or second seat driver agreements, were produced. Ms. Cannon testified to the existence of many of these documents. There would also be an expectation of documents reflecting the interactions with BCC Enterprises, LLC. These documents may serve to further disprove Defendant's assertions. These documents should be provided to the Plaintiff immediately. If no such documents exist, the same should be stated.

**Request No. 24**
Any and all payroll records showing all earnings by Defendant Decedent John Paul Cannon for his work as a driver including but not limited to, W-2 records, tax returns, other tax records, payroll records, bonus pay records, or any other earnings records or documents for the five years prior to the collision up to and through his final payment.

**Standard Objection**

**Answer to Request No. 24**
Cannon states that she has not located any responsive documents within her possession, custody,

and/or control. As discovery is ongoing, Cannon reserves the right to supplement this response.

*Argument*

Defendant's objection is misplaced. The financial records of Defendant Decedent John Cannon are critical to this matter. There was no privilege log produced in response to Plaintiff's document requests, thus it is not possible to see what documents requests are attorney-client, work product or trial preparation related. Because Defendants have proffered the argument regarding Mr. Moura's employment status, the financial records and tax returns of Mr. Cannon and BCC Enterprises could prove invaluable.

Administrator Barbara Cannon testified that Decedent John Paul Cannon prepared their taxes, and that she did not have access to records in any form of those taxes. Plaintiff has provided Ms. Cannon with an authorization for the release of those documents. This authorization should be produced to the plaintiffs to allow for the production of financial documents, or used by Defendant to retrieve the documents themselves and immediately produced.

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff served Defendant Administrator Barbara Cannon with a Second Request for Production of Documents on March 31, 2020. **Exhibit 7**. To date there has been no response to this request. Plaintiff requests this court compel a response and the production of documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court compel the respective Defendants to produce requested documents, respond to Plaintiff's requests, and reform or remove objections as detailed. Plaintiff's further request consideration from the Court including expanded and targeted fact discovery should these documents

Respectfully Submitted,
Plaintiff,
By their Attorneys,

/s/ Matthieu J. Parenteau, Esq.

_____
Donald R. Grady
BBO# 544841
Matthieu J. Parenteau
BBO# 679941
10 Tremont Street, 7th Floor
Boston, Massachusetts 02108
(P) 617.227.7000
(F) 617.227.8833
DGrady@shefflaw.com
MParenteau@shefflaw.com

## **CERTIFICATE OF SERVICE**

I, Matthieu J. Parenteau, hereby certify that on June 2, 2020, a true and correct copy of this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and by first-class mail to all non-registered participants, if any.

/s/ Matthieu J. Parenteau

_____

Matthieu J. Parenteau