UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE MOURA, SR., PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE MOURA, JR., LORI TURNER, AS PARENT AND NEXT FRIEND OF MINOR PLAINTIFFS A.M., C. M., AND J. M., LORI TURNER, INDIVIDUALLY, <br><br> Plaintiffs, <br><br> v. <br><br> NEW PRIME, INC., BARBARA CANNON, ADMINSTRATOR OF THE ESTATE OF JOHN PAUL CANNON, SUCCESS LEASING, INC.; ECOTIRE TREADING, CO, LLC; WOLVERINE LAND HOLDINGS, LLC; PRIME FLORAL, LLC.; CAMPUS, INC.; and L.H.P. TRANSPORTATION SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO: 17 - 40166 |

## DEFENDANT NEW PRIME, INC.'S RESPONSES TO PLAINTIFF JOSE MOURA, SR., PERSONAL REPRESENTATIVE TO THE ESTATE OF JOSE MOURA, JR.'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, New Prime, Inc. ("New Prime" or "Defendant"), hereby responds to Plaintiff, Jose Moura, Sr., Personal Representative to the Estate of Jose Moura, Jr.'s First Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's Requests to the extent they seek confidential and/or proprietary business or personal information, including financial information.

1

2.      Defendant objects to Plaintiff's Requests to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney- or expert- work-product doctrines, common interest doctrine, and/or created in anticipation of litigation or for trial.

3.      Defendant's responses to Plaintiff's Requests are made without in any way waiving or intending to waive: (a) any objections as to the competency, relevancy, materiality, privilege or admissibility as evidence, for any purpose, of any document produced in response to these Requests; (b) the right to object on any ground to the use of the documents or information produced in response to the Requests at any hearing or trial; or, (3) the right to object on any ground at any time to a demand for further responses to these Requests.

4.      The following responses to Plaintiff's specific Requests are made subject to and without waiving Defendant's general objections and responses.

## OBJECTIONS AND RESPONSES

**Request No. 1**
**All statements of the Plaintiff regarding the allegations contained in the Complaint, signed or unsigned, including all audio or visual tapes recorded by any type of recording device, and all written transcriptions of such recorded statements.**

Objection to Request No. 1
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 1
New Prime states that it has not located any responsive documents within its possession, custody, and/or control.  As discovery is ongoing, New Prime reserves the right to supplement this response.

**Request No. 2**
**All statements of any Defendant regarding the allegations contained in the Complaint, signed or unsigned, including all audio or visual tapes recorded by any type of recording device, and all written transcriptions of such recorded statements.**

Objection to Request No. 2
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege and the work product doctrine.  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 2
New Prime states that it has not located any responsive documents within its possession, custody, and/or control.  As discovery is ongoing, New Prime reserves the right to supplement this response.

**Request No. 3**
**All statements of the agents, servants, and/or employees of any Defendant regarding the allegations contained in the Complaint, signed or unsigned, including all audio or visual tapes recorded by any type of recording device, and all written transcriptions of such recorded statements.**

Objection to Request No. 3
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 3
See Defendant's Accident Report, attached.

**Request No. 4**
**All statements of any nonparty witnesses regarding the allegations contained in the Complaint, signed or unsigned, including all audio or visual tapes recorded by any type of recording device, and all written transcriptions of such recorded statements.**

Objection to Request No. 4
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 4
New Prime states that it has not located any responsive documents within its possession, custody, and/or control.  As discovery is ongoing, New Prime reserves the right to supplement this response.

**Request No. 5**
**All reports and statements in the possession, custody or control of the Defendant which were filled out and/or completed by the Defendant concerning the accident as alleged in the Plaintiff Complaint.**

Objection to Request No. 5

New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 5

See Defendant's Accident Report, attached.

**Request No. 6**
**Copies of any and all accident or incident reports or statements made, filed, furnished, or filled out by Defendant New Prime regarding the Incident.**

Objection to Request No. 6

New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 6

See Defendant's Accident Report, attached.

**Request No. 7**
**The entire contents of any investigation file or files regarding the Collision (excluding privileged documents).**

Objection to Request No. 7

New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 7

See attached Accident Report, police reports and photographs.

**Request No. 8**
**Any and all reports concerning the alleged accident or the product, whether signed or unsigned, handwritten, or typewritten, or recorded by mechanical, electronic, audio, or visual means, made by:**
**a.  Any defendant to this matter,**
**b.  any witness to the Subject Incident;**
**c.  any investigating entity;**
**d.  any insurance company or carrier**
**e.  any person on the scene immediately before and/or after the Subject Incident;**
**f.  any person with direct knowledge of the Subject Trailer or the Subject Incident;**
**g.  governmental or non-governmental entity**

Objection to Request No. 8

New Prime objects to this request on the grounds that it is vague and ambiguous as to the term "product" and lacks relevancy.  New Prime further objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 8

See attached Accident Report, police reports and photographs.

**Request No. 9**
**Copies of any accident and/or operator's reports or statements made, filed, furnished, or given by the Defendants' agents, servants, or representatives to any public or private body, including but not limited to the Registry of Motor Vehicles, local or state police.**

Objection to Request No. 9

New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 9

New Prime states that it has not located any responsive documents within its possession, custody, and/or control.  As discovery is ongoing, New Prime reserves the right to supplement this response.

**Request No. 10**
**Copies of all investigative reports made by or on behalf of the Defendants concerning the circumstances surrounding the incident alleged in the Plaintiff's Complaint.**

Objection to Request No. 10

New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 10

See attached Accident Report and photographs.

**Request No. 11**
**Any and all operations manuals, safety manuals, or any other documents which describe the New Prime's policy(ies) for operating, training, driving etc. related to the Subject Truck.**

Objection to Request No. 11

New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information

protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 11
Defendant will supplement its response to this request.

**Request No. 12**
**Any and all documents, procedures and/or guidelines regarding the use of the Subject Truck in effect prior to the Subject Incident.**

Objection to Request No. 12
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 12
Defendant will supplement its response to this request.

**Request No. 13**
**Any and all records, reports or documents of any kind related to this or any other accident and/or injuries having to do with the Subject Trailer for a period of ten (10) years prior to December 14, 2016.**

Objection to Request No. 13
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 13
See attached Accident Report, police reports and photographs.

**Request No. 14**
**Any and all records, reports or documents of any kind related to this or any other accident and/or injuries having to do with the Defendant Decedent John Paul Cannon for a period of ten (10) years prior to December 14, 2016.**

Objection to Request No. 14
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 14
See attached Accident Report, police reports and photographs.

**Request No. 15**
**Any and all documents and/or agreements under which any person, corporation, partnership or other entity may be liable to satisfy and/or indemnify or hold harmless New Prime, for any judgment which may be entered in the above-captioned litigation or to indemnify and reimburse for payments made to satisfy any judgments that have resulted in the acts of negligence alleged in the Plaintiff's Complaint.**

Objection to Request No. 15
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 15
See the attached insurance policies.

**Request No. 16**
**All correspondence between you, your agent, servant or employee, and Defendant Barbara Cannon, Administrator of the Estate of John Paul Cannon, concerning the Incident, in any form, including all electronic communications, emails, texts, etc.**

Objection to Request No. 16
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 17**
**All correspondence between you, your agent, servant or employee, and any representative of Jose Moura, Jr, concerning the Incident, in any form, including all electronic communications, emails, texts, etc.**

Objection to Request No. 17
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 17
Defendant will supplement its response to this request.

**Request No. 18**
**All correspondence between you and Success Leasing, Inc., concerning the Incident.**

Objection to Request No. 18
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information

protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 18
New Prime states that it has not located any responsive documents within its possession, custody, and/or control. As discovery is ongoing, New Prime reserves the right to supplement this response.

**Request No. 19**
**All correspondence between you and any Co-Defendant concerning the Incident.**

Objection to Request No. 19
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 19
New Prime states that it has not located any responsive documents within its possession, custody, and/or control. As discovery is ongoing, New Prime reserves the right to supplement this response.

**Request No. 20**
**Complete copies of any and all insurance policies held by Defendant New Prime which insure it or any other defendant against personal injuries such as those complained of by the Plaintiff and which were in effect on December 14, 2016 including but not limited to umbrella and excess policies.**

Answer to Request No. 20
See the attached insurance policies.

**Request No. 21**
**Completed copies of any and all applicable insurance policies which insure Defendant Decedent John Cannon against personal injuries such as those complained of by the Plaintiff and which were in effect on December 14, 2016, including but not limited to umbrella and excess policies.**

Objection to Request No. 21
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 21
See the attached insurance policies.

**Request No. 22**
**Copies of any and all non-privileged correspondence and communications by and between New Prime and its insurers and/or insurance companies regarding the Subject Incident.**

Objection to Request No. 22
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

**Request No. 23**
**All documents or agreements under which any person, corporation, partnership, or other entity may be liable to satisfy, in whole or in part, any judgment which may be entered in the above-captioned litigation, or to indemnify or reimburse for payments made to satisfy said judgment as a result of the acts of negligence alleged in the Plaintiff's Complaint.**

Objection to Request No. 23
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 23
See the attached insurance policies.

**Request No. 24**
**For each interrogatory set forth in and of Plaintiffs' Interrogatories, produce all documents which Defendant referred to, relied upon, consulted or used in any way in answering such Interrogatory and please indicate the Interrogatory each document is associated with.**

Objection to Request No. 24
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 24
Please see the attached documents.

**Request No. 25**
**Any and all documents, including but not limited to payroll records, tax records, leasing agreements, contracts, accounting records, bookkeeping records, time clock punch cards, assignment lists, assignment logs, personal services agreement, second seat driver agreement, driving logs, assignments records and any other records related to Defendant Decedent John Paul Cannon in the possession, custody or control of Defendant New Prime, Inc.**

Objection to Request No. 25
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 25
See attached documents.

**Request No. 26**
**Any and all documents, including but not limited to payroll records, tax records, leasing agreements, contracts, accounting records, bookkeeping records, time clock punch cards, assignment lists, assignment logs, driving logs, assignments records and any other records related to Defendant Decedent John Paul Cannon's relationship to Plaintiff Decedent Jose Moura, Jr., in the possession, custody or control of Defendant New Prime, Inc.**

Objection to Request No. 26
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 26
See the attached documents.

**Request No. 27**
**Any and all documents, including but not limited to payroll records, tax records, leasing agreements, contracts, accounting records, book keeping records, time clock punch cards, assignment lists, assignment logs, driving logs, assignments records and any other records that would indicate the names of any and all agents, servants, or employees of any general contractor, subcontractor, or other entity whatsoever, that were involved with the Subject Truck and/or Incident on or about December 14, 2016.**

Objection to Request No. 27
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 27
See the attached documents.

**Request No. 28**
**Any and all documents identifying the person, company or corporation who was responsible for the Subject Truck's maintenance, upkeep, inspection, and/or compliance with State, local, and/or federal laws, statutes, and/or regulations.**

Objection to Request No. 28
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 29**
**Any and all sub-contracts and/or documents reflecting the retention of sub-contractors by New Prime, Inc., for any and all operation, training, or diving the Subject Truck prior to December 14, 2016.**

Objection to Request No. 29
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 29
See attached documents.

**Request No. 30**
**Any and all sub-contracts and/or documents reflecting the retention of Independent Contractors by New Prime, Inc., for any and all operation, training, or diving the Subject Truck prior to December 14, 2016.**

Objection to Request No. 30
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 30
See attached documents.

**Request No. 31**
**All documents of any kind, including but not limited to notes, pay stubs, bonuses, memoranda, contracts, emails, photographs, specific training, requirements, certifications, tests or writings of any kind between Defendant Decedent John Paul Cannon and Defendant New Prime regarding the training of a trainee driver by John Paul Cannon in the 10 years prior to December 14, 2016 to present.**

Objection to Request No. 31
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 31
See attached documents.

**Request No. 32**
**All documents of any kind, including but not limited to notes, pay stubs, bonuses, memoranda, contracts, emails, photographs, specific training, requirements, certifications,**

tests or writings of any kind between Defendant Decedent John Paul Cannon and Defendant New Prime regarding the training of plaintiff decedent Jose Moura, Jr.

Objection to Request No. 32
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 32
See attached documents.

**Request No. 33**
**Any and all documents pertaining to and/or concerning procedures, safety rules and/or methods to be employed in the activities of which Mr. John Paul Cannon was performing on December 14, 2016, including but not limited to, the use of the Subject Truck and the Training of Jose Moura, Jr.**

Objection to Request No. 33
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 33
Defendant will supplement its response to this request.

**Request No. 34**
**All guidelines, manuals, documents, instructions, procedures, rules, methodologies, and/or regulation concerning the operation, maintenance, repair of the Subject Truck.**

Objection to Request No. 34
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 34
Defendant will supplement its response to this request.

**Request No. 35**
**Copies of any and all correspondence, invoices, letters, records or any other documents by and between New Prime and Defendant Success Leasing from December 14, 2011, to the present.**

Objection to Request No. 35
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 36**
**Copies of any and all correspondence, invoices, letters, records or any other documents by and between New Prime and Mr. John Paul Cannon for a period of ten (10) years prior to December 14, 2016.**

Objection to Request No. 36
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 37**
**Copies of any and all correspondence, invoices, letters, records or any other documents by and between New Prime and any other Co-Defendant from December 14, 2016, to the present.**

Objection to Request No. 37
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 38**
**Copies of any and all correspondence, invoices, letters, records or any other documents by and between New Prime and any other Co-Defendant for a period of ten (10) years prior to December 14, 2016.**

Objection to Request No. 38
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 39**
**Each and every contract between New Prime and John Paul Cannon for ten years preceding the Incident.**

Objection to Request No. 39
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information

protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 40**
**Each and every contract between New Prime, or any of its subsidiaries, and Success leasing, Inc., for five years preceding the Incident.**

Objection to Request No. 40
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 41**
**All documents showing, stating, or referencing any and all screening and/or investigations of Mr. Cannon performed by New Prime or on behalf of New Prime including but not limited to all criminal background checks, CORI checks, drug screenings, driving record reports, or other background investigation, screening, or research.**

Objection to Request No. 41
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 41
See attached documents.

**Request No. 42**
**The results of any and all screening and/or investigations of Mr. Cannon performed by New Prime or on behalf of New Prime including but not limited to all criminal background checks, CORI checks, drug screenings, driving record reports, or other background investigation, screening, or research.**

Objection to Request No. 42
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 42
See attached documents and please see Response No. 41.

**Request No. 43**
**All documents, communication memoranda, correspondence, notes, and computer records concerning the Mr. Cannon' job duties, both formal and informal, written and oral during the time of December 14, 2016.**

14

<u>Objection to Request No. 43</u>
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

<u>Answer to Request No. 43</u>
See attached documents.

**Request No. 44**
**All literature, instructions, policies, protocols, manuals, guidelines, warnings, handbooks, rules, regulations, or other documents whether electronic or otherwise which were provided to Mr. Cannon prior to the date of incident by New Prime or on behalf of New Prime.**

<u>Objection to Request No. 44</u>
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

<u>Answer to Request No. 44</u>
Defendant will supplement its response to this request.

**Request No. 45**
**All documents which constitute written, printed industry trade standards, tests, procedures, practices which regulate or give guidance to hiring, training, and supervising drivers.**

<u>Objection to Request No. 45</u>
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3). Subject to and without waiving this objection, New Prime answers as follows:

<u>Answer to Request No. 45</u>
Defendant will supplement its response to this request.

**Request No. 46**
**All agreements or other documents the defendant has entered into with any other party that the defendant believes absolves it from liability or limits its liability for the damages claimed by the plaintiff.**

<u>Objection to Request No. 46</u>
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 47**
**If Defendant New Prime, Inc. maintains that Defendant Decedent John Paul Cannon is or was an Employee on December 14, 2016, please produce each and every document showing his employee status.**

Objection to Request No. 47
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 48**
**If Defendant New Prime, Inc. maintains that Defendant Decedent John Paul Cannon was an Independent Contractor on December 14, 2016, please produce each and every document showing his employee status.**

Objection to Request No. 48
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 49**
**If Defendant New Prime or any of its subsidiaries has ever been names as a party to any civil or criminal action involving any claim of negligent entrustment, please produce for each such action: a copy of the Complaint, and Defendant's Answers to Interrogatories, Defendant's Response to Request for Production of Documents, and all transcripts of oral testimony given by New Prime or any of its agents, employees or experts at deposition or at trial.**

Objection to Request No. 49
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 50**
**If Defendant New Prime or any of its subsidiaries has ever been names as a party to any civil or criminal action involving any claim of negligent hiring and supervision, please produce for each such action: a copy of the Complaint, and Defendant's Answers to Interrogatories, Defendant's Response to Request for Production of Documents, and all transcripts of oral testimony given by Prime or any of its agents, employees or experts at deposition or at trial.**

Objection to Request No. 50
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 51**
**If Defendant New Prime or any of its subsidiaries has ever been named as a party to any civil or criminal action involving any claim of respondent superior, please produce for each such action: a copy of the Complaint, and Defendant's Answers to Interrogatories, Defendant's Response to Request for Production of Documents, and all transcripts of oral testimony given by Prime or any of its agents, employees or experts at deposition or at trial.**

Objection to Request No. 51
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

**Request No. 52**
**All written reports of each person whom you expect to call as an expert witness at trial.**

Objection to Request No. 52
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4). Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 52
New Prime has not yet determined which person(s) it intends to call as expert witness(es) at trial. New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 53**
**The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial and a copy of every article, writing, book, periodical and publications authored by the witness within the preceding ten years.**

Objection to Request No. 53
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4). Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 53
New Prime has not yet determined which person(s) it intends to call as expert witness(es) at trial. New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 54**
**All documents upon which any expert witness you intend to call at trial relied upon or reviewed to form an opinion.**

Objection to Request No. 54
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4).  Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 54
New Prime has not yet determined which person(s) it intends to call as expert witness(es) at trial. New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 55**
**All data documents or other information considered by the testifying expert witness in forming the opinions.**

Objection to Request No. 55
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4).  Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 55
New Prime has not yet determined which person(s) it intends to call as expert witness(es) at trial. New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 56**
**A list of all exhibits to be used as a summary of or support for the findings and opinions of any testifying exert witness.**

Objection to Request No. 56
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4).  Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 56
New Prime has not yet determined which person(s) it intends to call as expert witness(es) at trial.
New Prime reserves the right to supplement this answer in accordance with this Court's rules and
orders.

**Request No. 57**
**Any documents relating to any other cases in which the testifying expert witness has testified**
**as an expert at trial or by deposition within the preceding four years, including, but not**
**limited to a copy of any court documents, proceedings, transcripts, expert interrogatories or**
**deposition transcripts regarding same.**

Objection to Request No. 57
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly
burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks
information protected from disclosure by the attorney-client privilege, the work product doctrine,
and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P
26(b)(4).  Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 57
New Prime has not yet determined which person(s) it intends to call as expert witness(es) at trial.
New Prime reserves the right to supplement this answer in accordance with this Court's rules and
orders.

**Request No. 58**
**All written reports of each non-testifying expert Defendant has retained or communicated**
**with respect to the Subject Incident.**

Objection to Request No. 58
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly
burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks
information protected from disclosure by the attorney-client privilege, the work product doctrine,
and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P
26(b)(4).  Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 58
New Prime has not yet determined which person(s) it intends to use as non-testifying expert
witness(es).  New Prime reserves the right to supplement this answer in accordance with this
Court's rules and orders.

**Request No. 59**
**The most recent resume or curriculum vitae of each non-testifying expert who has been**
**retained or communicated with respect to the Subject Incident and a copy of every article,**
**writing, book, periodical and publications authored by the witness within the preceding ten**
**years.**

19

Objection to Request No. 59
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4). Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 59
New Prime has not yet determined which person(s) it intends to use as non-testifying expert witness(es). New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 60**
**All documents upon which any each non-testifying expert who has been retained or communicated with respect to the Subject Incident relied upon or reviewed in this matter.**

Objection to Request No. 60
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4). Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 60
New Prime has not yet determined which person(s) it intends to use as non-testifying expert witness(es). New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 61**
**All data documents or other information considered by each non-testifying expert who has been retained or communicated with respect to the Subject Incident in order to form any opinion regarding this matter.**

Objection to Request No. 61
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and discovery from experts beyond the scope of that permitted pursuant to the Fed. R. Civ. P 26(b)(4). Subject to and without waiving this objection, New Prime responds as follows:

Answer to Request No. 61
New Prime has not yet determined which person(s) it intends to use as non-testifying expert witness(es). New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 62**
**All documents sufficient to identify the name, address, telephone number, place of employment, and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action. The documents should also include any and all documents pertaining to the specific nature and substance of the knowledge the person(s) identified may have.**

Objection to Request No. 62
New Prime objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 62
See the attached documents.

**Request No. 63**
**All exhibits to be offered at Trial by Defendant.**

Objection to Request No. 63
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).  Subject to and without waiving this objection, New Prime answers as follows:

Answer to Request No. 63
New Prime has not yet determined which document(s) it intends to introduce at trial.  New Prime reserves the right to supplement this answer in accordance with this Court's rules and orders.

**Request No. 64**
**The entire Privilege Log, as defined in the Instructions.**

Objection to Request No. 64
New Prime objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or Fed. R. Civ. P. 26(b)(3).

Respectfully submitted,

Defendant
NEW PRIME, INC.,

By its attorneys,

Andrew J. Fay (BBO# 550058)
Susan E. Bochnak (BBO # 681406)
Fay Law Group, LLC
One Boston Place, 26th Floor
Boston, MA 02108
P: (617) 826-6006
F: (617) 941-7100
Email: afay@faylawgrp.com
            sbochnak@faylawgrp.com

Dated: August 2, 2019

## CERTIFICATE OF SERVICE

I, Susan E. Bochnak, certify that on August 2, 2019, a copy of the foregoing document was served via first-class mail, postage prepaid, and electronic mail to counsel of record as follows:

Matthieu J. Parenteau, Esq.
Sheff Law Offices, P.C.
10 Tremont Street, 7th Floor
Boston, MA 02108
P: (617) 227-7000
F: (617) 227-8833
Email: mparenteau@shefflaw.com

Susan E. Bochnak