UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17–40166

_____
JOSE MOURA, SR., PERSONAL REPRESENTATIVE  )
OF THE ESTATE OF JOSE MOURA, JR.;                       )
LORI TURNER AS PARENT AND NEXT FRIEND OF )
MINOR PLAINTIFFS A.M., C. M., AND J. M.; and        )
LORI TURNER, INDIVIDUALLY,                                 )
                                                                                        )
                                        Plaintiffs,                               )
v.                                                                                        )
                                                                                        )
NEW PRIME, INC.; BARBARA CANNON,                    )
ADMINSTRATOR OF THE ESTATE OF                        )
JOHN PAUL CANNON; SUCCESS LEASING, INC.;    )
and PRIME FLORAL, LLC.                                            )
                                                                                        )
                                        Defendants.                            )
_____)

**MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT,
SUCCESS LEASING, INC.**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant, Success Leasing, Inc.

("Success"), hereby moves for summary judgment.

In support of this Motion, Success states as follows: Plaintiff alleges five counts against

Success including negligent entrustment, wrongful death, conscious pain and suffering,

respondeat superior, and negligent hiring, training, and supervision. This Court should grant

summary judgment to Success because the uncontroverted evidence establishes that Success was

the leasing company and not an employer of the driver at the time of the accident, and therefore

Success owed no duty to Plaintiff. Moreover, as a leasing company, Success is barred from

liability under the Graves Amendment, which states that leasing companies cannot be held liable

for the negligent use of their vehicle during the lease term. Additionally, the court should grant

summary judgment because it lacks personal jurisdiction over Success as there is no connection

between any act by Success and the Commonwealth of Massachusetts.

In further support of this Motion, Success relies on its Memorandum of Law in Support

of Its Motion for Summary Judgment, and on the exhibit submitted herewith.

WHEREFORE, Success respectfully requests that this Honorable Court:

A. Grant summary judgment to Success on Counts XXI, XXII, XXIII, XXIV, and XXV

of Plaintiff's Amended Complaint and dismiss Plaintiff's claims; and

B. Grant such other and further relief as equity and justice require.

> Defendant,
> SUCCESS LEASING, INC.
> By and through its attorneys,
>
>
> /s/ Andrew J. Fay
>
> Andrew J. Fay, BBO # 55058
> Chris O'Brien, BBO # 703767
> Fay Law Group
> One Boston Place 26th Floor
> Boston, MA 02108
> Phone: (617) 826-6006
> AFay@faylawgrp.com
> CObrien@faylawgrp.com

Date: September 11, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be send to those indicated as non-registered participants on September 11, 2020.

/s/ Chris O'Brien